**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald SEYMOUR, Defendant–Appellant.**

No. 93–2466.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 19, 1994.

Decided Oct. 19, 1994.

Judd R. Spray (argued and briefed), Office of the U.S. Atty., Marquette, MI, for plaintiff-appellee.

Paul A. Peterson, Steward, Peterson, Sheridan & Nancarrow, Marquette, MI, Sanford A. Schulman (argued and briefed), Detroit, MI, for defendant-appellant.

Before: KENNEDY, WELLFORD, and NELSON, Circuit Judges.

KENNEDY, Circuit Judge.

Defendant Donald Seymour appeals his jury convictions for three counts of sexual abuse of a minor in Indian country in violation of 18 U.S.C. § 2243(a) and 18 U.S.C. § 1153(a). On appeal, defendant assigns two errors. Defendant claims (1) that he was denied his constitutional right to effective assistance of counsel because his counsel failed to subpoena a key defense witness and (2) that the District Court improperly enhanced his sentence for obstruction of justice pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1 after concluding that defendant committed perjury. For the reasons set forth below, we affirm.

## I.

Defendant was convicted by a jury of three counts of sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) and 18 U.S.C. § 1153(a). At trial, the victim testified that she and defendant had engaged in sexual intercourse on several occasions while she was babysitting at the home of defendant's sister. At the time, the victim was thirteen years old and defendant was twenty-five years old. The victim, as well as one of her friends, testified that defendant was told the victim's age. Another young friend of the victim testified that she had seen defendant and the victim engaging in sexual intercourse when she unexpectedly opened a bedroom door. Another friend testified that she had seen defendant and the victim go into the bedroom together on several occasions, and on one occasion had seen the victim emerge from the bedroom partially clothed. A letter from defendant to the victim also was admitted into evidence. The letter began "Laura, baby girl," and ended "P.S. Keep in touch."

At trial, defendant testified that he had never had any sexual contact with the victim. He also denied ever having met any of the young women who testified at the trial. He testified that the victim was infatuated with him, and that he tried to discourage her

attention because he was aware of her age. Defendant stated that he suspected the victim fabricated the charges because he had rejected her.

In addition to defendant, defense counsel had planned to call defendant's former girlfriend as a witness. She failed to appear. Defense counsel asked the District Court to continue the matter until he could find her. He explained that he had not subpoenaed her because of her prior relationship with defendant. He stated that she would testify that the victim had told her that she had fabricated the story about a relationship with defendant because of problems with her mother. Because the witness had not been subpoenaed, the District Court delayed the trial for a period of time but declined to continue the matter until she could be found. The jury found defendant guilty. At sentencing, the District Court enhanced defendant's offense level by two points pursuant to section 3C1.1 because it found that defendant had perjured himself by denying that he had a relationship with the victim.

## II.

Defendant's first claim is that his constitutional right to effective counsel was violated because his counsel failed to subpoena his former girlfriend and another witness, failed to file a motion for a private investigator, failed to investigate his defense, failed to speak to his witnesses, and failed to challenge jurisdiction in federal court. Defendant did not raise these issues in the District Court. Indeed, when asked if he was satisfied with his counsel's performance, defendant told the District Court that he was satisfied.

■ As a general rule, this Court will not review claims of ineffective counsel that are raised for the first time on appeal. *See United States v. Goodlett*, 3 F.3d 976 (6th Cir.1993). "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992).

■ The true circumstances surrounding the witness' failure to testify cannot be gleaned from the record, and this Court cannot say that it is always deficient practice to fail to subpoena a witness. At trial, defense counsel told the District Court that the former girlfriend agreed to come to court at the appropriate time, and that he tried to contact her on the day her testimony was required. On appeal, defendant claims that counsel did not attempt to contact her, although she was waiting for his call per his instructions. The record, therefore, is not sufficiently developed to allow this Court to evaluate the merits of defendant's claim.

Defendant's second claim is that the District Court improperly enhanced his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Section 3C1.1 states that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." The commentary to section 3C1.1 lists perjury as an example of conduct that would warrant an enhancement.

■ Defendant argues that an enhancement under section 3C1.1 for perjury is only appropriate if the perjury imposes an incremental burden on the government. The United States Supreme Court, however, unanimously rejected this view in *United States v. Dunnigan*, —— U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). In *Dunnigan*, the Court distinguished between contempt of court cases that regarded simple perjury "not so much an obstruction of justice as an expected part of its administration," and sentencing cases, in which the commission of perjury clearly bears on the "appropriate type and extent of punishment after the issue of guilt has been resolved." *Id.* at ——, 113 S.Ct. at 1116. While the Court acknowledged that contempt of court cases "do not interpret perjury to constitute an obstruction of justice unless the perjury is part of some greater design to interfere with judicial proceedings," it nonetheless held that taking into account whether a defendant had committed perjury furthered legitimate sentencing goals and was clearly the intent of the

Sentencing Guidelines. *Id.* at ——-——, 113 S.Ct. at 1116–18. Furthermore, the Court rejected the argument that enhancing a defendant's sentence for perjury was unconstitutional because of the risk of an erroneous finding. *See id.* at ——-——, 113 S.Ct. at 1117–18. The Court, therefore, upheld an enhancement under section 3C1.1 for a defendant who, like Seymour, committed simple perjury by denying involvement in all aspects of the crime and offering innocent explanations for certain actions. *Id.* at ——, 113 S.Ct. at 1114.

■ To ensure that the sentences of defendants who testify and are subsequently found guilty are not automatically enhanced under section 3C1.1, the Court held that if a defendant objects to an enhancement for obstruction of justice, the district court must "review the evidence and make independent findings necessary to establish" perjury. *Id.* at ——, 113 S.Ct. at 1117. In the case at hand, the District Court made specific and independent findings that defendant had committed perjury; it did not merely conclude that defendant committed perjury because the jury disbelieved him. *See Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993) (holding that a district court must not merely defer to jury, but must make its own findings with respect to section 3C1.1).

■ The District Court's findings encompass all elements of perjury except materiality. We join other circuits in holding that if a district court's findings pursuant to section 3C1.1 encompass all elements of perjury except materiality, *Dunnigan* does not require a remand because materiality is a question of law. *See United States v. Matiz,* 14 F.3d 79, 84 (1st Cir.1994); *United States v. Arias–Villanueva,* 998 F.2d 1491, 1512–13 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 359, 126 L.Ed.2d 322 (1993). In this case, no argument can be made that defendant's denial of a sexual relationship with the victim was not material to the charges against him for sexual abuse of a minor. Indeed, it was the very essence of the offense. Nor can we say the District Court's finding that defendant committed perjury was clearly erroneous. We, therefore, affirm the District Court's enhancement of defendant's offense level pursuant to section 3C1.1.

### III.

Accordingly, the District Court's opinion is **AFFIRMED.**