69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Beverly CASHEN, Defendant-Appellant.
 No. 95-1481.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: LIVELY, MILBURN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the sentence imposed on the defendant Beverly Cashen following her guilty plea to a charge of embezzling funds from a federally insured mortgage institution in violation of 18 U.S.C. Sec. 657.
 
 I.
 
 2
 The defendant pled guilty to embezzling $23,068 from her employer and entered into a Rule 11 plea agreement with the government which stated that any sentence of incarceration would not exceed nine months and stipulated that "[t]he court may accept or reject this agreement.... If the court rejects this agreement, it shall afford [Cashen] the opportunity to withdraw the plea of guilty and advise [Cashen] that if the plea is not withdrawn the sentence may be greater than the maximum provided for in this agreement."
 
 
 3
 The Rule 11 agreement's limit on incarceration was based on the assumption that the offense level was 10 (an adjusted base level of 12, less a 2-level reduction for acceptance of responsibility). In the Presentence Investigation Report, however, the probation department, upon concluding that the offense involved abuse of a position of trust, determined that the correct offense level was 12. See United States Sentencing Guidelines (U.S.S.G.) Sec. 3B1.3 (provides a 2-level increase in the offense level for abuse of a position of trust). The guideline range for a level 10 offense is six to twelve months' incarceration as compared to the ten to sixteen month range applicable to level 12. Also, the guidelines permit probation and a decreased minimum period of incarceration for a level 10 offense, while these options do not exist for a level 12 offense.
 
 
 4
 Although the Presentence Investigation Report clearly stated that the level 12 finding was based on the conclusion that the defendant abused her position of trust as a branch manager of a financial institution, the defense did not raise the issue of the increased level at the sentencing hearing. Nevertheless, the government brought the change in offense level to the court's attention and requested that the court honor the nine month sentence limit contained in the plea agreement. The court then sentenced the defendant to four months' imprisonment and 150 days of home confinement, followed by three years of supervised release, restitution to her former employer, and a special assessment of $50.
 
 II.
 
 5
 On appeal the defendant argues that she was denied effective assistance of counsel when her attorney failed to object to the enhancement based on abuse of trust. She contends that the enhancement placed her in Zone C rather than Zone B of the Guidelines Sentencing Table as contemplated by the plea agreement. See U.S.S.G., Ch. 5, Pt. A. Contrary to this contention, however, the plea agreement does not indicate that the court could utilize only Zone B rather than Zone C in determining the sentence. The defendant also argues that the district court committed an error of law in failing to make a specific finding that she abused a position of trust while relying on the Presentence Investigation Report recommendation for the two level enhancement on this basis.
 
 A.
 
 6
 This court will not consider the ineffective assistance of counsel claim in this direct appeal. United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989). The record before us supports the Presentence Investigation Report's recommendation for a 2-level increase for abuse of a position of trust based on Ms. Cashen's illegal activities carried out in her capacity as a branch manager. If there is evidence to the contrary that might support a claim of ineffective assistance of counsel for failure to object to this enhancement, it must be presented in connection with a motion for relief from sentence under 28 U.S.C. Sec. 2255. United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994).
 
 B.
 
 7
 With respect to the defendant's claim that the sentence was incorrect as a matter of law, we find that the sentence was properly within the terms of the Rule 11 plea agreement. The plea agreement placed a cap of nine months' imprisonment and the sentence imposed incarceration that was within the nine months' cap. Thus, the district court did not reject the plea agreement and did not commit error in the sentence that it imposed. Although the plea agreement was based on an assumption of a level 10 offense with a six to twelve month range, the district court stayed within the nine month cap agreed upon and sentenced below the level 12 ten to sixteen month range. Thus, Ms. Cashen was not prejudiced by the district court's finding that she abused a position of trust. Furthermore, the district court's finding on the issue of abuse of a position of trust was sufficiently specific.
 
 III.
 
 8
 For the foregoing reasons, the conviction and sentence are AFFIRMED.