70 F.3d 1272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sean David HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3464.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1995.
 
 N.D.Ohio, No. 94-07461; Don J. Young, District Judge.
 N.D.Ohio
 AFFIRMED.
 BEFORE: CONTIE, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Sean David Howard appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a bench trial, the district court found Howard guilty of aiding and abetting armed bank robbery in violation of 18 U.S.C. Secs. 2 and 2113(a) and (d) and aiding and abetting the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. Secs. 2 and 924(c). The district court sentenced Howard to 111 months of imprisonment and three years of supervised release. Howard did not file a direct appeal.
 
 
 3
 In his subsequent motion to vacate sentence, Howard alleged that he received ineffective assistance of counsel because: 1) counsel waived his right to trial by jury; 2) counsel was unfamiliar with the Federal Rules of Civil Procedure, did not challenge damaging testimony at trial, and did not call witnesses in support of his case; 3) counsel did not challenge a sentence enhancement for obstruction of justice; 4) counsel did not argue that Howard was eligible for a decrease in his sentence by being a minor participant in the offense; 5) counsel did not argue for a downward departure from Howard's Sentencing Guidelines range; and 6) counsel did not file a direct appeal from his conviction and sentence. The district court determined that his claims were without merit and denied the motion. Howard has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Howard's motion to vacate sentence. In order to obtain habeas relief under Sec. 2255 on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the district court's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 Initially, we note that, with the exception of Howard's claim that his counsel was ineffective for not filing a direct appeal, the record would have been adequate to review Howard's ineffective assistance of counsel claims in a direct criminal appeal. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994). Claims that could have been but were not raised on direct appeal may not be reviewed under Sec. 2255 unless Howard demonstrates cause and actual prejudice to excuse his failure to raise the claims previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982). Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Even if we assume that Howard has established cause because his counsel did not file a direct criminal appeal, we conclude that he has not established prejudice because his claims are without merit. Our review of the record reveals no ineffective assistance of counsel because the allegedly deficient performance did not prejudice the defense so as to render Howard's trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.