72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Anthony KIRKSEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1482.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1995.
 
 Before MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Anthony Kirksey appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, a jury convicted Kirksey of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1), of use of a firearm in relation to a drug offense in violation of 18 U.S.C. Sec. 924(c) and of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced Kirksey to 157 months of imprisonment. On appeal, this court affirmed Kirksey's conviction and sentence. United States v. Kirksey, Nos. 90-1555, etc. (6th Cir.1991) (per curiam).
 
 
 3
 Kirksey subsequently filed a motion to vacate sentence, alleging that he received ineffective assistance of counsel because: (1) counsel did not properly investigate the case and failed to call certain witnesses; and (2) counsel did not oppose the admission of a highly prejudicial tape recording. The district court concluded that Kirksey's claims were without merit and denied the motion. Kirksey has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Kirksey's motion to vacate sentence. In order to obtain habeas relief under Sec. 2255 on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 5
 Initially, we note that the record would have been adequate in Kirksey's direct criminal appeal to review his claim that counsel was ineffective for not challenging the admission of a tape recording. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994). A claim that could have been but was not raised on direct appeal may not be reviewed under a Sec. 2255 unless Kirksey demonstrates cause and actual prejudice to excuse his failure to raise this claim previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Kirksey has not argued cause to excuse his failure to raise this claim previously and we conclude that he has not established prejudice because this claim, as well as his other ineffective assistance of counsel claim, is without merit. Our review of the record reveals that counsel rendered effective assistance because the allegedly deficient performance did not prejudice the defense so as to render Kirksey's trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.