81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Evangelos PAPAJANI, Defendant-Appellant.
 No. 95-3783.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Evangelos Papajani appeals a district court judgment of conviction and sentence entered following Papajani's guilty plea to furnishing false information to the Social Security Administration in violation of 42 U.S.C. § 408(a)(6). The district court sentenced Papajani to twelve months of imprisonment and three years of supervised release and the court imposed a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 3
 In this timely appeal, Papajani's counsel has filed a motion to withdraw his representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he argues that: 1) the district court should have sentenced Papajani to twelve months and one day of imprisonment or, in the alternative, 2) the court should have sentenced Papajani to time served. Papajani has filed a response to his counsel's motion to withdraw, in which he argues that: 3) he received ineffective assistance of counsel at sentencing. The government has filed a motion to dismiss the case as moot because Papajani has completed serving his term of imprisonment and has been deported.
 
 
 4
 Initially, we note that the government's motion to dismiss is without merit. A defendant's direct criminal appeal is not rendered moot merely because he has completed serving his term of imprisonment and been deported. See United States v. Valdez-Gonzalez, 957 F.2d 643, 646-47 (9th Cir.1992).
 
 
 5
 Upon review, we conclude that Papajani's first issue is not appealable because he does not argue that his sentence: 1) was imposed in violation of the law, 2) was imposed as a result of an incorrect application of the guidelines, 3) was an upward departure from the guidelines, or 4) was a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. See United States v. Lively, 20 F.3d 193, 196-97 (6th Cir.1994). Papajani's second issue is also not appealable because he is, in effect, arguing that the district court should have departed downward from the guideline range of nine to fifteen months and sentenced him to time served. A decision denying a motion to depart downward is not appealable. United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993). Further, the district court is never required to depart downward. See United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991). Papajani's claim that he received ineffective assistance of counsel is not cognizable at this time because the record is not adequate to permit review of the claim; the claim is more properly raised in a motion to vacate sentence under 28 U.S.C. § 2255. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994). Lastly, this court has carefully examined the record in this case, including the transcripts of Papajani's plea and sentencing, and concludes that no reversible error is apparent from the record.
 
 
 6
 Accordingly, we deny the government's motion to dismiss the case as moot, grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation