97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney L. TIPTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5026.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Rodney L. Tipton appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, a jury convicted Tipton of kidnaping and transporting the victim across state lines in violation of 18 U.S.C. § 1201(a)(1) and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Tipton to 248 months of imprisonment and five years of supervised release. On appeal, this court affirmed his conviction and sentence. United States v. Tipton, 11 F.3d 602 (6th Cir.1993), cert. denied, 114 S.Ct. 2692 (1994).
 
 
 3
 In 1995, Tipton filed his motion to vacate sentence, alleging that: 1) the government did not provide him with complete discovery; 2) his counsel rendered ineffective assistance because counsel did not call Tipton to testify on his own behalf; and 3) counsel rendered ineffective assistance by not hiring an expert in eyewitness identification. The district court determined that Tipton's first two claims were without merit, but the court concluded that a response was required from the government for Tipton's third claim. After it reviewed the government's response, the court determined that Tipton's third claim was also without merit and denied the motion. The district court subsequently denied Tipton's motion to reconsider. Tipton has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Tipton's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 Tipton is barred from seeking relief on the first claim presented in his motion to vacate because he did not raise it in his direct appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Tipton demonstrates cause and actual prejudice to excuse his failure to raise the claim previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Tipton has not argued cause to excuse his failure to raise the claim in his direct appeal. Further, he has not shown prejudice because his claim is without merit. The government provided Tipton with all the evidence in its possession that was both favorable to Tipton and material to his guilt or punishment. United States v. Bencs, 28 F.3d 555, 560 (6th Cir.1994), cert. denied, 115 S.Ct. 915 (1995).
 
 
 6
 While Tipton's ineffective assistance of counsel claims are properly raised in his § 2255 motion, see United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994), they are without merit because he was not prejudiced by any allegedly ineffective assistance provided by his counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.