107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Scott VASSAR, Defendant-Appellant.
 No. 95-2095.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 
 ORDER
 
 2
 Steven Scott Vassar appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June 1995, Vassar pleaded guilty to conspiracy to manufacture methcathinone in violation of 21 U.S.C. § 846, and the district court sentenced him to 84 months of imprisonment. Vassar has filed a timely appeal.
 
 
 4
 On appeal, Vassar's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel submits that there are no meritorious issues for appeal. In response, Vassar argues that: 1) the district court should have departed downward from the applicable guideline range; 2) the district court improperly determined the amount of drugs attributable to him; and 3) counsel rendered ineffective assistance. He also requests the appointment of new counsel.
 
 
 5
 Upon review, we conclude that Vassar may not appeal his sentence based on the district court's decision not to depart downward from the applicable guideline range. See 18 U.S.C. § 3742(a); United States v. Lively, 20 F.3d 193, 196-97 (6th Cir.1994); United States v. Lavoie, 19 F.3d 1102, 1103 (6th Cir.1994). Vassar has not specified a particular legal error with the formulation of his sentence. Moreover, the district court properly determined the amount of drugs attributable to Vassar. See United States v. Ward, 68 F.3d 146, 149 (6th Cir.1995), cert. denied, 116 S.Ct. 1028 (1996). Vassar's admission that the government could prove that he had personally been involved in the manufacture of at least 1,750 grams of methcathinone constitutes specific evidence concerning his capability to produce the charged amount of methcathinone. See United States v. Hamilton, 81 F.3d 652, 654-55 (6th Cir.1996) (the government must present specific evidence of a defendant's ability to produce the charged amount of methcathinone from the amount of ephedrine pills that the defendant had obtained).
 
 
 6
 Vassar's claim that counsel rendered ineffective assistance is not cognizable on direct appeal because the record is inadequate to permit us to assess the merits of this claim. See United States v. Seymour, 38 F.3d 261, 262 (6th Cir.1994). Vassar's claim is more properly asserted in a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255.
 
 
 7
 We have further examined the record in this case, including the transcripts of Vassar's plea and sentencing hearings, and conclude that no reversible error is apparent from the record.
 
 
 8
 Accordingly, we hereby deny the request for the appointment of new counsel, grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation