107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. BELL, Jr., Defendant-Appellant.
 No. 95-6479, 96-5049.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1997.
 
 1
 Before: NORRIS and MOORE, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Robert L. Bell, Jr., appeals separate judgments of conviction and sentence imposed by the district court. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Bell was indicted on one count of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court subsequently severed the § 922(g) count for trial and a jury convicted Bell of this offense in November 1992. After the district court released Bell on bond following this conviction, he absconded and, consequently, was indicted for bond-jumping. In May 1995, Bell turned himself in to United States Marshals.
 
 
 4
 In October 1995, the district court sentenced Bell to one hundred and eight (108) months of imprisonment and three years of supervised release and imposed a $50 special assessment on the § 922(g) conviction. Bell filed a timely appeal from this conviction and sentence. (No. 95-6479).
 
 
 5
 In November 1995, Bell pleaded guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; in exchange for his guilty plea, the government dismissed the § 924(c) firearm charge and the bond-jumping charge. The district court sentenced Bell to seventy-eight (78) months of imprisonment and four years of supervised release, to run concurrently with the sentence imposed on the § 922(g) conviction, and the court imposed a $50 special assessment. Bell filed a timely appeal from this conviction and sentence. (No. 96-5049). These cases have been consolidated on appeal.
 
 
 6
 On appeal, Bell argues that: 1) the district court applied an incorrect base offense level in determining his guideline range for the § 922(g) conviction; 2) the district court improperly enhanced his guideline range for possession of a firearm on the § 922(g) conviction; 3) the district court improperly enhanced his guideline range for obstruction of justice on the § 922(g) conviction; and 4) the district court improperly enhanced his guideline range for possessing a firearm on the drug trafficking conviction.
 
 
 7
 Bell's first argument that the district court applied the wrong guideline in determining his base offense level for the § 922(g) conviction is meritless. This court renders de novo review of the district court's legal conclusion as to whether the facts warrant application of a particular guideline. United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994).
 
 
 8
 The district court applied the correct guideline in sentencing Bell. Bell's sentence involves the interplay of several guideline sections. Under the 1989 version of the guidelines used by the district court in determining Bell's sentencing range, USSG § 2K2.1 applies to defendants convicted of possessing a firearm in violation of § 922(g). Section 2K2.1(c)(2) provides that, when the defendant possessed the firearm while committing another offense, USSG § 2X1.1 applies if the resulting offense level is greater than 12. In establishing the base offense level, § 2X1.1 refers to the guideline for the underlying offense, which in Bell's case is undisputedly conspiracy to engage in drug trafficking. Consequently, the district court relied on USSG § 2D1.1(c)(9) (unlawful trafficking of illegal substances) and USSG § 2D1.4 (conspiracy) to determine that Bell's base offense level was 26.
 
 
 9
 Bell argues that the district court should not have used §§ 2D1.1 and 2D1.4 in determining his base offense level because he had not been convicted of conspiracy or drug trafficking at the time of his sentencing on the § 922(g) count. However, the district court may consider conduct for which Bell has not been convicted in determining his base offense level. See United States v. Voyles, 995 F.2d 91, 93 n. 3 (6th Cir.1993), cert. denied, 510 U.S. 1048 (1994); United States v. Bronaugh, 895 F.2d 247, 251 (6th Cir.1990). Consequently, the district court properly referred to §§ 2X1.1, 2D1.4, and 2D1.1 in arriving at Bell's base offense level.
 
 
 10
 Bell's second argument is precluded by the conclusion that the district court properly relied on § 2D1.1. Bell argues that the district court should not have enhanced his guideline range by two levels for possessing a dangerous weapon pursuant to § 2D1.1(b)(1). However, Bell's argument hinges upon his prior claim that the court should not have applied § 2D1.1 in determining his base offense level. Since the district court properly applied § 2D1.1, the enhancement under § 2D1.1(b)(1) was also properly applied.
 
 
 11
 Bell's third argument that the district court improperly enhanced his guideline range for obstruction of justice on the § 922(g) conviction is also meritless. A defendant's total offense level is increased by two points if the defendant willfully obstructed or impeded the administration of justice during the prosecution of his offense. USSG § 3C1.1. Obstruction of justice includes testifying untruthfully or suborning untruthful testimony concerning a material fact. USSG § 3C1.1, comment. (n. 1(c)) (Nov. 1989). A witness commits perjury if he intentionally gives false testimony concerning a material matter. United States v. Dunnigan, 507 U.S. 87, 94 (1993). If the defendant objects to a sentence enhancement resulting from his trial testimony, the district court must review the evidence and make independent findings necessary to establish an obstruction of justice. Id. at 95. To comply with the Supreme Court's directive in Dunnigan, the sentencing judge must identify at least some specific instances of conflicting testimony that the court finds materially perjurious. United States v. Spears, 49 F.3d 1136, 1143 (6th Cir.1995). Further, the judge must explain why the intentional perjury was material. Id.
 
 
 12
 Bell argues that the district court did not identify the specific portions of his testimony that were perjurious nor explain the materiality of this alleged perjury. While Bell correctly asserts that the district court did not itself note specific trial testimony, the court did rely on specific instances of perjury identified by the government. At the sentencing hearing, the government identified three different instances of perjury on the part of Bell or witnesses testifying on his behalf. First, concerning the gun underlying Bell's § 922(g) conviction, his wife testified that she had purchased the gun for protection because she had previously been robbed. However, the government demonstrated that her testimony was untrue because a police report showed that the robbery occurred after her husband's arrest on the § 922(g) count. Second, Bell asserted at trial that he was not attempting to purchase cocaine at the time of his arrest, but rather was attempting to purchase a Porsche driven by the other party (an undercover agent) to the drug transaction. However, he told the agent at the time of the transaction that he wanted to cut into the "stuff," clearly indicating a desire to examine the cocaine. Third, a co-defendant testified on Bell's behalf that Bell was merely a driver and was not aware that a drug transaction was occurring. This testimony contradicted the co-defendant's statements at his guilty plea that Bell was part of the conspiracy to engage in drug trafficking. The district court concluded that all of these were specific instances of Bell committing perjury or suborning perjury.
 
 
 13
 Although the district court did not specifically address the materiality of Bell's perjured testimony, this court can determine that this requirement was met because materiality is a question of law. See United States v. Seymour, 38 F.3d 261, 264 (6th Cir.1994). The wife's testimony disputed Bell's knowing possession of the gun, which is required for a conviction under § 922(g). Further, the testimony of Bell and his co-defendant asserted that Bell did not knowingly participate in a drug transaction in which he carried a firearm to protect himself and his money. While this testimony may not have materially affected the viability of his felon in possession of a firearm conviction under § 922(g), it certainly was material to the determination of the appropriate guideline range for sentencing purposes. Consequently, the district court properly applied the enhancement for obstruction of justice.
 
 
 14
 Lastly, Bell's fourth argument that the district court improperly enhanced his sentence on the drug trafficking conviction for possession of a firearm is without merit. Bell argues that the court should not have enhanced his total offense level by two points under USSG § 2D1.1(b)(1) for possessing a weapon because this conduct had already been considered when he was sentenced on the § 922(g) gun charge; instead, Bell asserts that the court should have grouped the counts for sentencing purposes under USSG § 3D1.2. However, since the district court imposed the two sentences to run concurrently, this court will not review the issue under the concurrent sentencing doctrine because no collateral consequences exist as to Bell and the issue does not otherwise involve a significant question meriting consideration. United States v. Hughes, 964 F.2d 536, 541 (6th Cir.1992), cert. denied, 507 U.S. 909 (1993).
 
 
 15
 Accordingly, this court affirms the district court's judgment.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation