William Anderson **BURKE,** Petitioner,

v.

**UNITED STATES of America,**
**Defendant.**

No. CIV. 02–71248.
No. CR. 96–80876.

United States District Court,
E.D. Michigan,
Southern Division.

April 14, 2003.

William Burke, Ashland, KY, pro se.

## OPINION

DUGGAN, District Judge.

On April 1, 2002, Defendant William Anderson Burke ("Burke") filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Government filed an answer to the petition on June 26, 2002, and Burke filed a response to the Government's answer on July 26, 2002. For the reasons set forth below, the petition shall be denied in part.

## Background

Following a jury trial, on December 23, 1997, Petitioner was convicted of conspiring to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. This Court sentenced Petitioner to 188 months of imprisonment and five years of supervised release.

Petitioner appealed, arguing that his trial counsel was ineffective, that the verdict was not supported by the evidence, and that he should have been sentenced to far less time in prison than he was because he was not personally responsible for much of the drug possession for which he was charged. *United States v. Burke*, 12 Fed. Appx. 209, 210 (2001 WL 392039 (6th Cir. 2001)). With respect to his claim that his trial counsel was ineffective, Petitioner assigned thirteen errors to counsel:

(1) trial counsel's failure to adequately consult with Burke and explain the nature of the charge; (2) trial counsel's failure to file a motion for a bill of particulars; (3) trial counsel's failure to request and move for discovery; (4) trial counsel's failure to challenge the stop and search of a car driven by Burke in September, 1994 by the St. Charles, Missouri police; (5) trial counsel's failure to challenge the prosecutor's presentation of irrelevant and highly prejudicial evidence regarding the murder for hire of David "Slap" Moore, the unconsummated plans for murder of several other people, and other criminal acts of Kelsey, Chase, and Anvil, all of which were either committed before Burke was involved in the conspiracy or to which Burke has no connection; (6) trial counsel's failure to challenge the jury selection plan pursuant to *United States v. Ovalle*, 136 F.3d 1092 (6th Cir.1998), despite Burke's requests that counsel do so; (7) trial counsel's failure to object to

numerous improper questions posed by the prosecutor and failure to challenge the admission of any of the documentary evidence offered into evidence at trial by the government; (8) trial counsel's acquiescence in the government's position that the plea agreements of Kelsey and Chase should not be admitted into evidence and should not be shown to the jury; (9) trial counsel's agreement to numerous stipulations at the end of trial; (10) trial counsel's failure to give an opening statement; (11) trial counsel's failure to challenge the admission of the testimony of Chase and Kelsey on the basis that their testimony violated 18 U.S.C. § 201(c)(2); (12) trial counsel's failure to make a motion for acquittal; (13) trial counsel's abandonment of his request for a jury instruction regarding withdrawal as a defense to the conspiracy and his failure to object at trial to the court's failure to give that jury instruction.

*Id.* at 211.

The Sixth Circuit Court of Appeals held that the evidence was sufficient to support Petitioner's conviction and that Petitioner could be held accountable at sentencing for the cocaine he played a significant role in acquiring and selling. However, the appellate court declined to address Petitioner's ineffective assistance of counsel claims, noting that "[i]neffective assistance of counsel claims are best brought by a defendant in a postconviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *Id.* at 212. (quoting *United States v. Seymour,* 38 F.3d 261, 263 (6th Cir. 1994)).

On April 1, 2002, Petitioner filed a petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

In this petition, Petitioner raises the same thirteen ineffective assistance of counsel claims that he raised in his direct appeal. (Pet.'s Mot. at 4). He also raises three additional ineffective assistance of counsel claims regarding his trial counsel's performance that he did not raise in his direct appeal:

(14) [trial counsel] failed to properly advise Burke of the law in relation to the facts of the case; thus, failing in the fundamental constitutional guarantee enjoyed by every criminal defendant, that being the right to knowing informed decisions by that defendant in participation of his defense.

(15) [trial counsel] failed in plea bargaining negotiations and the advise [sic] concerning the law regarding the case relative to them.

(16) Defendant was denied counsel at all stages of the proceedings, including appeal, concerning the law and constitutional principles expressed in *Jones* and *Apprendi.*

(Pet.'s Mot. at 5–6). Thus, Petitioner raises a total of sixteen claims of ineffective assistance of counsel.

## Discussion

### I. *Petitioner's Ineffective Assistance of Counsel Claims*

Under *Strickland v. Washington,* "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There are two parts to an ineffective counsel claim: "First, the defendant must show that counsel's performance was deficient." *Id.* at 687, 104 S.Ct. 2052.[1] "Second, the defen-

---

1. Petitioner claims that the two-part test of *Strickland* is not applicable to his case. Rather, he asserts that he was "constructively"

denied counsel under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657

dant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The Supreme Court has articulated what is necessary to satisfy the prejudice component of an ineffective counsel claim. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. The court must consider "the totality of the evidence before the judge or jury" in making this determination. *Id.* at 695, 104 S.Ct. 2052. Courts may determine whether a defendant was prejudiced by allegedly ineffective counsel before they make a determination as to whether counsel was deficient. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

### A. Claims one, thirteen, fourteen, and fifteen

■ Claims one, thirteen, fourteen, and fifteen of Petitioner's motion relate to the availability of a withdrawal defense and essentially state that his counsel at trial failed to adequately "keep Burke informed of important developments in the course of the prosecution." (Pet.'s Mot. at 8). Specifically, in a sworn affidavit, Petitioner stated that he was informed by his trial counsel that he had a valid defense for the conspiracy charge-withdrawal. (Pet.'s Mot. Exh. A ¶ 8). In addition, "based solely on [trial counsel's] advice that I had

valid [sic] defense of withdrawal from the conspiracy I decided to refuse the plea bargain and proceed to trial." (Pet.'s Mot. Exh. A ¶ 9). In other words, Petitioner is claiming that but for his trial counsel's erroneous advice, he would have accepted a plea bargain instead of going to trial. Petitioner's trial counsel stated that "Mr. Burke never indicated that his desire to have trial, rather than enter a plea was influenced by the question of whether he could present the defense of withdrawal." (Gov't Answer, Attachment A ¶ 6).

Even if Petitioner did proceed to trial based on his counsel's advice that he had a valid withdrawal defense, he can only prevail on an ineffective assistance of counsel claim if he demonstrates that trial counsel's error regarding the availability of the defense was deficient under the *Strickland* standard. Prevailing under this standard means that Petitioner has to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. *Strickland* specifically cautions against second-guessing counsel's actions in hindsight; rather, counsel's conduct should be evaluated "from counsel's perspective at the time." *Id.*

Petitioner has made no showing that it was unreasonable or not within the bounds of "sound trial strategy" for trial counsel to pursue withdrawal as a defense and counsel Petitioner accordingly. It was only after this Court heard arguments from both sides and "told the parties it

(1984). Under *Cronic,* no specific showing of prejudice is needed to make out an ineffective counsel claim under limited circumstances. Examples include a "complete denial of counsel" or "if counsel entirely fails to subject the prosecution's case to meaningful adversarial

testing." *Id.* at 659, 104 S.Ct. 2039. Petitioner was not denied counsel in this case; nor, did his counsel *"entirely fail* to subject the prosecution's case to meaningful adversarial testing." *Id.* (emphasis added).

was persuaded that no legal basis existed for giving a withdrawal instruction" that his trial counsel elected to retract the request for the withdrawal instruction. (Order Correcting Record on Appeal, 06/28/99).

Petitioner asserts that "an evidentiary hearing is required." (Pet.'s Mot. at 9). The Government concedes that a hearing may be necessary on Petitioner's claim that his counsel failed to adequately consult with him. (Gov't Answer at 4–5). Under 28 U.S.C. § 2255, a court is required to grant a hearing and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In this case, the Court finds that the record does not conclusively show that Petitioner is entitled to no relief. Therefore, the Court is granting Petitioner's request for a hearing on whether his counsel's advice with respect to the availability of a withdrawal defense constituted ineffective assistance of counsel and whether Petitioner was prejudiced by such advice.

### B. Petitioner's Remaining Ineffective Assistance of Counsel Claims

*Trial counsel's failure to motion for a bill of particulars*

■ Petitioner believes that his trial attorney should have moved for a bill of particulars pursuant to FED. R. CRIM. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him so that he can prepare for trial. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir.1976).

[3] In this case, the indictment charged Petitioner with conspiracy to possess with intent to distribute in excess of

five kilograms of cocaine between January, 1993, and October 25, 1993. (*See* First Superceding Indictment). Although Petitioner argues that "appellant and his counsel did not appear to comprehend the precise nature of the charges against appellant even at the sentencing," the miscomprehension related only to drug quantity. (App. Br. at 6, 24).[2] Petitioner thought that he was being charged with conspiracy to obtain 100 kilograms as opposed to the 150 kilograms for which he was punished. The Government argues that extensive discovery was provided to Petitioner's counsel in the form of audio tapes and transcripts of conversations between Petitioner and co-conspirators, debriefing reports, and tape recordings of Petitioner establishing his involvement in the conspiracy. (Gov't Answer at 9).

Given the extensive discovery material provided to Petitioner's counsel, Petitioner has failed to demonstrate that trial counsel was deficient in not requesting a bill of particulars under the circumstances. In addition, Petitioner has made no showing that his mis-apprehension as to drug quantity prejudiced him such that the trial was unfair.

*Trial counsel's failure to request and move for discovery and failure to challenge the stop and search*

■ Petitioner believes that if trial counsel had properly obtained all discoverable materials, then the evidence of the allegedly unconstitutional stop and search in St. Charles, Missouri could have been challenged. (App. Br. at 26). Petitioner believes that the stop, based on improper registration, was pretextual and that "[the officer's] sole intention in stopping the car was to have the dog sniff the car in the

2. Rather than restating the arguments in his § 2255 Motion, Petitioner directs the Court's attention to his Appellate Brief filed with the

Sixth Circuit on direct appeal for his arguments on the ineffective assistance of counsel claims.

hope that he could then search the car for drugs." (App. Br. at 27).

The Government argues that police had probable cause to stop the car based on invalid registration and that "the stop took no longer than was necessary to investigate the traffic violation." (Gov't Answer at 12–13). Even if it was not a valid search, Petitioner was not prejudiced because given the other available evidence, Petitioner has not shown that the outcome of trial would have been different. (Gov't Answer at 15).

The Court need not consider whether trial counsel's failure to challenge the stop was deficient. As the Government points out, given the other evidence properly admitted at trial, including proof of other similar police encounters, phone records, witness testimony, and tape recorded conversations, Petitioner has not demonstrated a reasonable probability that but for trial counsel's failure to challenge the stop and search, the outcome of the trial would have been different.

*Trial counsel's failure to challenge the admission of irrelevant and prejudicial evidence*

■ Petitioner believes that his trial attorney should have challenged the Government's presentation of evidence regarding the murder for hire of Moore and other criminal acts committed by co-conspirators because Petitioner "had no connection to these actions." (App. Br. at 30). Petitioner has not demonstrated that failure to challenge the presentation of this evidence by his trial attorney was deficient.

The evidence relating to Chase and Kelsey's involvement with the murder for hire of Moore and other criminal acts by these two individuals was not offered by the Government as an indication of Petitioner's guilt. Rather, there was no indication that Petitioner was involved in these acts. As the Government points out, on direct examination, the prosecution made clear that

"Burke was unaware of Chase's involvement in the murder." (Gov't Answer at 16). Co-conspirators Chase and Kelsey were witnesses against Petitioner and trial counsel's use of this evidence on cross-examination to attack the witnesses and "show how blameworthy the witnesses against [Petitioner] were" was a strategic decision. (Gov't Answer at 16–17). Such testimony did not prejudice Petitioner and trial counsel's failure to challenge this testimony does not constitute ineffective assistance of counsel.

*Trial counsel's failure to challenge the jury selection plan pursuant to United States v. Ovalle*

■ In *United States v. Ovalle*, decided after Petitioner's jury trial, the Sixth Circuit held that the jury selection plan in the Eastern District of Michigan was unconstitutional. 136 F.3d 1092 (6th Cir.1998). Petitioner argues that trial counsel was "on notice of the problems with the plan long before [Petitioner's] trial commenced and [Petitioner] repeatedly asked his trial attorney to raise this issue but counsel refused to challenge the Plan on the basis that he believed these motions would be frivolous." (App. Br. at 33). Petitioner claims that his attorney's failure to timely raise the issue constituted ineffective assistance of counsel because the objection was waived due to counsel's failure to raise the objection prior to trial. (App. Br. at 33). The Government believes that this ineffective assistance of counsel claim must fail because Petitioner has not satisfied the prejudice prong of the ineffective assistance of counsel claim. The Court agrees. Petitioner's bare assertions that "he could have established prejudice" (App. Br. at 33) does not meet the test set forth in *Strickland*, wherein the burden is on Petitioner "to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceed-

ing would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

The effect of the jury selection plan found unconstitutional in *Ovalle* was to increase the number of potential jurors who are African American. Petitioner believes that because he is "non-African American" (App. Br. at 33), he could have established prejudice. The Court disagrees. Petitioner argues that "trial counsel was on notice of the problems with the plan long before appellant's trial commenced." (App. Br. at 33). However, had trial counsel raised the issue prior to trial, the likely result would have been a reindictment of Petitioner pursuant to 28 U.S.C. § 1867(d). Therefore, Petitioner has not demonstrated a reasonable probability that the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

*Trial counsel's failure to object to improper questions posed by prosecutor and failure to challenge admission of documentary evidence at trial*

■ Petitioner claims that trial counsel's failure to object to leading and other improper questions posed by the prosecutor "upset the adversarial balance in favor of the prosecutor." (App. Br. at 33). In addition, Petitioner argues that "[a]t times during the trial the prosecutor was essentially testifying in place of his witnesses, especially in his examinations of Eric Clay, Chase, and Kelsey." (App. Br. at 33). In response, the Government suggests that it may be sound trial strategy for an attorney to refrain from raising objections at every possible opportunity. (Gov't Answer at 20).

This Court is not persuaded that trial counsel's failure to object to leading questions fell outside of the "wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.[3] Petitioner is not arguing that the testimony obtained through use of leading questions would have been inadmissible had it been elicited through non-leading questions. Rather, these questions posed by the prosecution could have simply been rephrased. In addition, trial counsel could have refrained from objecting in order to avoid emphasizing damaging testimony. *See United States v. Bosch,* 914 F.2d 1239, 1246 (9th Cir.1990). *See also Burnett v. Collins,* 982 F.2d 922, 930 (5th Cir. 1993)("The trial transcript reflects that [defendant]'s counsel did not make any objections and that the prosecution from time to time did ask leading questions. However, failure to object to leading questions and the like is generally a matter of trial strategy as to which we will not second guess counsel.")

■ Petitioner also argues that trial counsel was ineffective by failing to object to or challenge any of the documentary evidence introduced by the prosecutor. Petitioner has failed to identify any basis for the exclusion of any documentary evidence; therefore, the Court will not consider this claim further.

*Trial counsel's failure to move for admission of plea agreements of Kelsey and Chase*

■ Petitioner contends that trial counsel agreed that the written plea agreements of his co-conspirators should not be shown to the jury. (App. Br. at 34–35).

---

**3.** The Court has reviewed those portions of the transcript cited to by Petitioner. (App. Br. at 14). It does not appear as Petitioner asserts, that the witnesses were mindlessly responding in the affirmative to leading questions posed by the Prosecutor. In addition, the record reflects that defense counsel did object, at least once, to leading questions posed by the Prosecutor. (Trans. Vol. III at 95).

Petitioner acknowledges that "Kelsey and Chase were permitted to testify regarding the plea agreements," but that the jury "needed to be reminded what was motivating Kelsey and Chase." (App. Br. at 35). In this Court's view, failure to admit the written plea agreement when there was extensive live testimony regarding the contents of the plea agreements does not constitute a deficiency on the part of trial counsel.

*Trial counsel's agreement to numerous stipulations at the end of trial*

▆ Petitioner believes that his trial counsel should not have entered into stipulations at the end of trial which meant that the prosecution could avoid calling "at least seven witnesses." (App. Br. at 35). The Government argues that Petitioner has demonstrated no prejudice, "the same evidence would have been admitted in a lengthier process involving calling some seven or more witnesses." (Gov't Answer at 22). The Court agrees.

*Trial counsel's failure to challenge admission of the testimony of Chase and Kelsey on the basis that their testimony violated 18 U.S.C. § 201(c)(2)*

▆ Petitioner believes that his trial attorney should have challenged the admission of the testimony of co-conspirators Chase and Kelsey. Petitioner believes that their testimony violated 18 U.S.C. § 201 entitled "Bribery of public officials and witnesses." Under § 201(c)(2), "(c) Whoever...(2)directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court....shall be fined under this title or imprisoned for not more than two years or both."

In response, the Government argues that the Sixth Circuit has ruled that

§ 201(c)(2) does not apply to federal prosecutors. (Gov't Answer at 24). In *United States v. Ware*, 161 F.3d 414 (6th Cir. 1998), the defendant argued that the government violated § 201(c)(2) when it "made promises of leniency to co-defendants and cooperating witnesses in exchange for their testimony against the defendant." *Id.* at 418. Defendant also argued, relying on *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998), the same case relied on by Petitioner, that his trial counsel's failure to raise the issue constituted ineffective assistance of counsel. *Ware*, 161 F.3d at 418. The Sixth Circuit affirmed the defendant's conviction.

The Sixth Circuit expressly rejected the *Singleton* court's conclusion that the term "whoever" in § 201(c)(2) includes the United States government. *Ware*, 161 F.3d at 418. The Sixth Circuit's holding that § 201(c)(2) does not apply to federal prosecutors was based on a consideration of plea bargaining practices historically, as well as legislative history. Further, the Sixth Circuit concluded that even if § 201(c)(2) did apply to prosecutors, the exclusionary rule would not apply to suppress the testimony of "cooperating accomplices" because Congress provided for a specific remedy in the statute, fines or incarceration. *Id.* at 424–425.

Based on the Sixth Circuit decision in *Ware*, trial counsel's failure to move to suppress the testimony of Chase and Kelsey under 18 U.S.C. § 201(c)(2) did not constitute a deficiency.

*Trial counsel's failure to give an opening statement*

▆ Petitioner argues that his counsel was ineffective in failing to give an opening statement because, "[i]n light of the fact that the appellant presented no evidence at trial, there was no legitimate reason that defense counsel should have failed to

tell the jury what the defense expected the evidence to show." (App. Br. at 35). In response, the Government argues that Petitioner has failed to show prejudice. The Court agrees. Petitioner's argument here is essentially one of timing. Although Petitioner argues that defense counsel should have used the opening statement to explain the defense strategy of attacking the credibility of Chase and Kelsey, that strategy was made clear during both cross examination and closing argument. (*See also Moss v. Hofbauer*, 286 F.3d 851, 863 (6th Cir.2002)("A trial counsel's failure to make an opening statement, however, does not automatically establish the ineffective assistance of counsel."))

*Trial counsel's failure to make a motion for acquittal*

Petitioner does not specifically plead that trial counsel's failure to make a motion for acquittal was ineffective assistance of counsel. However, Petitioner's second argument presented to the Sixth Circuit on direct appeal was that it was error for the trial court to fail to enter a judgment of acquittal pursuant to FED. R. CRIM. P. 29. (App. Br. at 41). Petitioner believes that the evidence presented at trial was insufficient to support his conviction. The Sixth Circuit has considered and rejected this argument on direct appeal and this court will not revisit the issue. As to this argument, the Sixth Circuit concluded that:

> There was sufficient evidence for a jury to conclude that [Petitioner] was guilty of distribution and possession with intent to distribute cocaine. First, there was the testimony of his accomplices

which placed him within the conspiracy. Second, the credibility of these accomplices was bolstered by numerous pieces of evidence, such as tape recordings of conversations between [Petitioner] and the accomplices and business records. *United States v. Burke,* 12 Fed. Appx. 209, 212, 2001 WL 392039(6th Cir.2001).

*Defendant was denied counsel at all stages of the proceedings, including appeal, concerning the law and constitutional principles expressed in Jones and Apprendi*

The Court finds this claim meritless as to trial counsel because *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), were decided after Petitioner was convicted. As to Petitioner's appellate counsel, Petitioner acknowledges that counsel brought these cases to the attention of the Sixth Circuit in a supplemental brief and at oral argument. (Pet.'s Mot. at 3).

## II. *Petitioner's Apprendi Claim*

 Petitioner argues that his sentencing was unlawful and asserts that "[c]riminal conduct found by a preponderance of the evidence by a judge at sentencing in order to increase punishment is unconstitutional." (Pet.'s Mot. at 7). *Apprendi v. New Jersey* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[4]

---

**4.** Petitioner acknowledges that *Jones* and *Apprendi* were "brought up to the Court of Appeals through [FED. R. APP. P. 28(j)] and at oral argument." (Pet.'s Mot. at 3). As the Government points out, although the Court of Appeals' decision does not expressly discuss these cases, they implicitly decided the argu-

ment by affirming the conviction and finding that Petitioner was properly sentenced for distributing one-hundred and fifty kilograms of cocaine. *United States v. Burke,* 12 Fed. Appx. 209, 212 (2001 WL 392039 (6th Cir. 2001)).

All of Petitioner's *"Apprendi"* arguments lack merit.

Petitioner was charged and convicted of conspiring to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*See* First Superceding Indictment dated 4/22/97). The lowest maximum penalty for conspiracy to possess and distribute cocaine is 20 years. 21 U.S.C. § 841(b)(1)(C). *See also United States v. Goode,* 143 F.Supp.2d 817, 822 (E.D.Mich. 2001), *aff'd,* 305 F.3d 378 (6th. Cir.2002). The Court's determination as to the amount of cocaine Petitioner could be held responsible for did not in any way violate *Apprendi* because it did not result in a sentence in excess of the statutory maximum. Petitioner was sentenced to 188 months of imprisonment, a term below the statutory maximum. Therefore, Petitioner's *Apprendi* claim is without merit.

### Conclusion

For the reasons set forth above, Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence shall be denied as to Claim 16 (*Apprendi*). A hearing will be held on the issue of whether his counsel's advice with respect to the availability of a withdrawal defense constituted ineffective assistance of counsel and whether Petitioner was prejudiced by such advice. All other claims relating to ineffective assistance of counsel are denied. An Order consistent with this Opinion shall issue.