*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0327P (6th Cir.)
File Name: 02a0327p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KEVIN ANTONIO GOODE,
    *Petitioner-Appellant,*

    *v.*

No. 01-1340

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-74400—Patrick J. Duggan, District Judge.

Submitted: April 24, 2002

Decided and Filed: May 10, 2002[*]

Before: MARTIN, Chief Circuit Judge; COLE, Circuit
Judge; SHARP, District Judge.[**]

---

[*] This decision was originally issued as an "unpublished decision" filed on May 10, 2002.

[**] The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

———————

**COUNSEL**

———————

**ON BRIEF:**    Mark C. Jones, ASSISTANT UNITED STATES ATTORNEY, Flint, Michigan, for Appellee. Kevin Antonio Goode, Sheridan, Oregon, pro se.

———————

**OPINION**

———————

R. GUY COLE, JR., Circuit Judge. This action stems from the conviction and sentence of Petitioner-Appellant Kevin Antonio Goode of four counts involving a conspiracy to distribute cocaine, appealed pursuant to the denial of a 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence.    In light of Goode's two prior felony drug convictions and the court's finding that he was responsible for 50 grams or more of crack cocaine, Goode was sentenced to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). Goode argues, pro se, that in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his sentence was improper because the drug quantity was not submitted to the jury for determination beyond a reasonable doubt. Specifically, Goode submits that the district court was incorrect in concluding that *Apprendi* does not apply retroactively to initial § 2255 motions. Goode also argues that the district court erred when it failed to address the merits of his argument that the second superseding indictment is defective because it fails to recite the essential elements required to grant the district court jurisdiction to impose the current sentence.

This appeal presents two issues for our review: (1) whether the rule of *Apprendi* should be applied retroactively to initial § 2255 motions; and (2) whether the district court committed reversible error in failing to address the effectiveness of the second superseding indictment.    We conclude that *Apprendi* does not apply retroactively to initial  § 2255 motions as it is not a watershed rule of criminal procedure.    We also conclude

A jurisdictional defect cannot be waived or procedurally defaulted — rather, a jurisdictional defect requires reversal. *United States v. Griffin*, 303 U.S. 226, 229 (1938). Contrasting this right with the right to be charged by a grand jury indicates that these are different rights.    The right to be charged by a grand jury is a personal right that can be waived. Fed. R. Crim. P. 7(b).

This circuit has applied a plain error review in cases where an indictment failed to allege a drug quantity. *See Page*, 232 F.3d at 543–45.    If an *Apprendi* error was meant to be jurisdictional, the court would be unable to apply a plain error review, but rather would be required to reverse.    Though *Page* only involved the drug quantity element, the type of drug and the particular penalty provision being applied require an analogous result in this case.    Accordingly, the omission of the drug type, quantity and the relevant penalty provision did not divest the district court of jurisdiction.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court to deny Petitioner's § 2255 motion.

requiring that all defendants being charged with a serious crime are represented by counsel, *Gideon* protects the innocent from conviction. *Apprendi* merely limits the potential penalty to be imposed on a defendant.

In further support for the proposition that *Apprendi* is not a watershed rule, we look to *Neder v. United States*, 527 U.S. 1, 15 (1999), where the Supreme Court concluded that, even though the issue of materiality in a false statement prosecution under 18 U.S.C. § 1001 is a question for the jury, rather than the judge, a district court's failure to submit the issue of materiality to the jury was harmless error. If the Supreme Court found that an issue being decided by the court instead of the fact-finder amounts to harmless error, a new rule that requires factual issues to be submitted to the jury cannot rise to the level of a "watershed" rule. *See Sanders*, 247 F.3d at 148–49 (citing *Blizerian v. United States*, 127 F.3d 237, 241 (2d Cir. 1997), and *United States v. Shunk*, 113 F.3d 31, 37 (5th Cir. 1997), each of which have used the "harmless error" rationale as a signal that the issue of materiality in false statement prosecutions does not apply retroactively on collateral review). Just as the *Blizerian* court concluded there was "little reason to believe that juries will have substantially different interpretations of materiality than judges," the interpretations involving drug quantities and type will likely be the same, whether made by a judge or jury. 127 F.3d at 241; *see Sanders*, 247 F.3d at 149.

### 2. The rule of *Apprendi* does not create a jurisdictional problem for the federal district courts to hear cases where the drug quantity is not specified in the indictment.

In his second argument, Goode submits that because the indictment did not contain the drug type, quantity, and the penalty provision of § 841(b)(1)(A)(iii) under which he was being charged, the district court lacked jurisdiction. We agree with the Eleventh Circuit that an *Apprendi* claim is not jurisdictional. *McCoy*, 266 F.3d at 1249.

that *Apprendi* does not create jurisdictional problems for the federal district courts to hear cases where the drug quantity is not specified in the indictment. Accordingly, we **AFFIRM** the judgment of the district court**.**

### I. BACKGROUND

On January 29, 1997, a second superseding indictment filed by the grand jury charged Petitioner Kevin Goode with the following counts: (1) conspiracy to distribute cocaine (count one); (2) possession with intent to distribute cocaine, and aiding and abetting cocaine distribution (count five); (3) felon in possession of a firearm (count six); and (4) possession of a firearm with an obliterated serial number (count seven). Four other individuals also were charged in the indictment for their involvement in a conspiracy alleged to have run from July 1996 through January 1997 in the vicinity of Flint, Michigan. On April 21, 1997, a jury convicted Goode on all counts.

Goode had two prior felony drug convictions.[1] Because of the prior convictions, Goode's sentence was enhanced pursuant to 21 U.S.C. §§ 841 and 851. On October 15, 1997, the district court imposed the following sentence: (1) life imprisonment on count one; (2) 210 months on count five; (3) 120 months on count six; and (4) sixty months on count seven.[2] The sentences imposed pursuant to counts five, six, and seven were to run concurrent to the life imprisonment sentence imposed on count one. Upon the completion of the term of imprisonment, Goode was sentenced to a ten-year term of supervised release.

Goode's direct appeal of his conviction was unsuccessful, ultimately resulting in the United States Supreme Court

---

[1]In 1990, Goode was convicted in Calhoun County Circuit Court, Michigan, of delivery of cocaine. In 1992, he was convicted in Kalamazoo County Circuit Court, Michigan, of possession of cocaine.

[2]Goode was not sentenced on the remaining counts.

denying his writ of certiorari on October 18, 1999.[3]  On October 17, 2000, Goode filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The district court denied this motion in an opinion and order issued on January 23, 2001.  Goode filed a timely notice of appeal on February 23, 2001, and the district court granted his application for a certificate of appealability on March 15, 2001.

## II.  DISCUSSION

### A.  Standard of Review

In reviewing a district court's denial of a motion under § 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law *de novo*.  *See Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999); *Rattigan v. United States*, 151 F.3d 551, 554 (6th Cir. 1998); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996); *Cardinal v. United States*, 954 F.2d 359, 362 (6th Cir. 1992).  It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (citation omitted).  When the petitioner appealing under § 2255 has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further prove either (1) good cause for failing to do so and that he would suffer actual prejudice if his arguments are deemed precluded; or (2) that he is actually innocent of the subject offense. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Floyd v. Alexander*, 148 F.3d 615, 618 (6th Cir. 1998).

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not decided until June 26, 2000, almost a year after Goode's writ of certiorari was denied.  Accordingly, this Court must consider the application of *Apprendi* to this case on collateral review, rather than on direct appeal.

like the phrase "made ... by the Supreme Court," it is necessary to analyze an initial § 2255 motion to vacate a sentence under the new constitutional rule of *Apprendi*  by looking at the *Teague* exception.

According to *Teague*, *Apprendi* should be applied retroactively only if the decision is understood to have created a new "watershed" rule of criminal procedure that implicates the fundamental fairness and accuracy of the criminal proceeding.  489 U.S. at 311.  *Apprendi* clearly establishes a "new rule," as the result of *Apprendi* was not controlled by any "precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301.  Before the Supreme Court decided *Apprendi*, federal circuits that considered the question of the constitutionality of drug quantities being determined by the court rather than the jury had concluded that this was an acceptable procedure because drug quantity was a sentencing factor, not an element of the offense. *United States v. Thomas*, 204 F.3d 381, 383 (2d Cir. 2000); *United States v. Grimaldo*, 214 F.3d 967 (8th Cir. 2000).

Despite *Apprendi* being a "new rule," it is not retroactively applicable unless it is also one of "watershed" importance.  According to the Supreme Court, this classification should be reserved for a "small core of rules requiring observance of those procedures that . . .  are implicit in the concept of ordered liberty." *O'Dell v. Netherland*, 521 U.S. 151, 157 (1997) (quoting *Graham v. Collins*, 506 U.S. 461, 478 (1993)).  To qualify as a watershed rule, the new rule "must . . . improve the bedrock procedural elements essential to the fairness of a proceeding." *Sawyer v. Smith*, 497 U.S. 227, 242 (1990).  According to the Court, an example of such a rule would be *Gideon v. Wainwright*, 372 U.S. 335 (1963), in which the Supreme Court held that in all criminal trials for serious offenses, counsel shall be provided.

The accuracy that is improved by the *Apprendi* requirement is the better imposition of a proper sentence.  In contrast, the accuracy that is improved by the rule of *Gideon* involves the basic determination of the defendant's guilt or innocence.  By

Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Goode filed his § 2255 motion within one year of the date on which the judgment of conviction became final, under § 2255 ¶ 6(1). In second or successive motions, the application must contain either:

1) newly discovered evidence which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b)(3)(C); § 2255 ¶ 8. Unlike the language that applies to second or successive § 2255 petitions, there is no limitation on initial § 2255 petitions under ¶ 6(1), and thus it does not conflict with the application of *Teague*. *See Tyler v. Cain*, 533 U.S. 656 (2001) (finding that the jury instruction rule in *Cage v. Louisiana*, 498 U.S. 39 (1990), was not made retroactive to cases on collateral review within the meaning of the § 2244(b)(2)(A) exception to restrictions on a state prisoner's second federal habeas corpus petition)*; In re Clemmons*, 259 F.3d 489 (6th Cir. 2001) (holding that the analogous language of § 2244(b)(2)(A) and § 2255 ¶ 8(2) lead to the same result). As ¶ 6(1) does not offer any restrictions

## B. Analysis

### 1. The rule of *Apprendi* is not retroactively applicable to initial § 2255 motions, because *Apprendi* does not create a new "watershed rule" that improves the accuracy of determining the guilt or innocence of a defendant.

*Apprendi* establishes that "other than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. With respect to drug convictions under 21 U.S.C. § 841, this Court has held that the quantity and type of drugs attributable to a defendant must be submitted to the jury for a determination beyond a reasonable doubt. *See United States v. Page*, 232 F.3d 536, 542 (6th Cir. 2000); *United States v. Flowal*, 234 F.3d 932, 936 (6th Cir. 2000). Because Goode's sentence was increased beyond the thirty year[4] statutory maximum under § 841(b)(1)(C) based upon the district court's finding by a preponderance of the evidence that Goode was responsible for 50 to 150 grams of cocaine, the district court was correct in concluding that Goode's sentence for count one would be erroneous under *Apprendi*. *United States v. Goode*, 143 F. Supp. 2d 817, 822–23 (E.D. Mich. 2001).

The retroactive applicability of the *Apprendi* rule to cases on an initial § 2255 motion is an issue of first impression in this Circuit.[5] We must decide if we agree with the reasoning and analysis of four other circuits, each of which has concluded that *Apprendi* does not apply retroactively to initial § 2255 motions. *See McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001), *cert. denied*, 122 S. Ct. 2362 (2002); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), *cert. denied*, 122

---

[4] The statutory maximum under § 841(b)(1)(C) is thirty years because of Goode's two prior felony drug convictions.

[5] This Court has held that *Apprendi* does not apply retroactively to second or successive § 2255 motions. *In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001).

S. Ct. 848 (2002); *United States v. Sanders*, 247 F.3d 139 (4th Cir.), *cert. denied*, 122 S. Ct. 573 (2001); *Jones v. Smith*, 231 F.3d 1227 (9th Cir. 2000).[6]

As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision. *See, e.g.*, *Allen v. Hardy*, 478 U.S. 255 (1986) (jury selection rule not applicable to cases on collateral review); *Solem v. Stumes*, 465 U.S. 79 (1986) (custodial interrogation rule not applicable to cases on collateral review); *Michigan v. Payne*, 412 U.S. 477 (1973) (protective sentencing rule not retroactive); *Johnson v. New Jersey*, 384 U.S. 719 (1966) (interrogation rules not retroactive). The principle of finality within the criminal justice system weighs heavily against retroactive application of new constitutional law, especially in light of the significant percentage of drug trafficking convictions decided in federal court.[7]

In *Teague v. Lane*, 489 U.S. 288, 310–13 (1989), the Supreme Court articulated two exceptions to the general rule of non-retroactive application for new rules of criminal procedure. An exception that allows for retroactive application of a new rule applies only if the new rule: (1) "places certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to

---

[6]Though every circuit that has addressed the issue so far has concluded that *Apprendi* is not retroactively applicable to § 2255 motions, there are district court decisions favoring retroactive application of *Apprendi*. *See, e.g., United States v. Hernandez*, 137 F. Supp. 2d 919, 932 (N.D. Ohio 2001); *Parise v. United States*, 135 F. Supp. 2d 345, 349 (D. Conn. 2001); *Jackson v. United States*, 129 F. Supp. 2d 1053, 1068 (E.D. Mich. 2000), *rev'd on other grounds*, 2002 WL 2026583 (6th Cir. Sept. 5, 2002); *United States v. Murphy*, 109 F. Supp. 2d 1059, 1063 (D. Minn. 2000), *rev'd*, *Murphy v. United States*, 268 F.3d 599 (8th Cir. 2001).

[7]According to the United States Sentencing Commission, from fiscal years 1995–1998, over 68,000 drug trafficking defendants were sentenced in federal court. This made up over one-third of all federal sentences.

---

proscribe," or (2) "requires the observance of those procedures that … are implicit in the concept of ordered liberty." *Id.* at 307 (internal quotations omitted). The question in this case is whether the *Apprendi* rule is a "watershed" rule that "implicates the fundamental fairness of trial," under the second exception to the general non-retroactivity rule of *Teague*.[8] *Id.* at 312 (internal quotations omitted).

Goode argues that the rule of *Apprendi* should not be analyzed under *Teague*, reasoning that § 2255 was modified after *Teague* through the adoption of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the new language did not adopt the *Teague* approach. Pursuant to AEDPA, Congress deleted the language in § 2255 that read: "A motion for such relief may be made at any time." In its place, the following language was added:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the

---

[8]The first exception under Teague does not apply to the circumstances of *Apprendi* appeals, as the rule of *Apprendi* does not divest the government of any criminal law-making authority. *Jones v. Smith*, 231 F.3d at 1237 (holding that "the first exception identified in *Teague* is plainly inapplicable here, where the state's authority to punish Petitioner for attempted murder is beyond question"); *Sanders*, 247 F.3d at 148 (concluding that "the first exception clearly does not apply here because *Apprendi* did not place drug conspiracies beyond the scope of the state's authority to proscribe"); *Moss*, 252 F.3d at 997 (explaining that the second exception was the only exception "relevant to our inquiry"); *see also Daniels v. United States*, 254 F.3d 1180, 1192 (10th Cir. 2001) (holding in the context of a successive § 2255 motion that *Apprendi* does not fall within *Teague*'s first exception).