**UNITED STATES of America,
Respondent–Appellee,**

v.

**Edward HANSERD, Petitioner–
Appellant.**

No. 01–1582.

United States Court of Appeals,
Sixth Circuit.

Nov. 18, 2002.

Before SILER and DAUGHTREY, Circuit Judges, and ALDRICH,* District Judge.

PER CURIAM.

The petitioner, Edward Hanserd, appeals from the district court's dismissal of his "supplemental motion for modification of sentence," which was intended to supplement Hanserd's motion to vacate sentence under 28 U.S.C. § 2255, then pending in the district court. The district judge determined that the motion was the functional equivalent of a successive petition under the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2255, ¶ 8. Because Hanserd had failed to obtain the requisite authorization from this court to file a successive petition, the district judge dismissed the "supplemental motion." We conclude that the district court reached the right result, and we therefore affirm the judgment, although on different reasoning.

The sole issue raised in Hanserd's supplemental motion is the validity of his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, we have recently held that *Apprendi* does not apply retroactively, even to initial § 2255 motions. *See Goode v. United States*, 305 F.3d 378 (6th Cir.2002). Hence, even if we were to hold that the "supplemental motion" filed by Hanserd in this case was not successive to the § 2255 motion then pending in the district court and, further, even if we were to view the pending § 2255 motion, as supplemented, as an initial petition following Hanserd's 1998 re-sentencing, *Goode* would prevent us from reviewing the *Apprendi* claim.

Because review of the only issue raised on this appeal is foreclosed, we AFFIRM the order of the district court dismissing the petitioner's "supplemental motion for modification of sentence."

---

* The Hon. Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation