Gregory **MOORE**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 02–1556.

United States Court of Appeals,
Sixth Circuit.

Jan. 16, 2003.

Before MARTIN, Chief Judge;
MERRITT and LAY,* Circuit Judges.

*ORDER*

Gregory Moore, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 28, 1995, Moore was charged in a two-count indictment with possession with intent to distribute cocaine base and with being a felon in possession of a firearm. Moore was subsequently tried three times. The first and second trials resulted in mistrials from hung juries. However, the jury acquitted Moore of the firearms charge after the second trial. On Septem-

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

ber 10, 1996, after a third trial, Moore was convicted by a jury of possessing cocaine base with the intent to distribute. This court affirmed Moore's judgment of conviction and sentence. *United States v. Moore,* No. 96–2566, 1999 WL 357760 (6th Cir. May 21, 1999) (per curiam).

In his motion to vacate sentence, Moore claimed that he was denied effective assistance of counsel because counsel failed to disprove that the controlled substance in his possession was cocaine base. In addition, in his § 2255 supplement, Moore made numerous arguments pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed Moore's *Apprendi* claims in an order dated August 8, 2001, stating "the court has recently held that the new *Apprendi* rules do not apply retroactively to cases on collateral review." Subsequently, the district court denied Moore's motion and found no grounds upon which to grant Moore a certificate of appealability.

This court denied Moore's application for a certificate of appealability with respect to his ineffective assistance of counsel claim, but granted Moore's application on the issues of: 1) whether *Apprendi* is retroactively applicable to Moore's case under the principals set forth in *Teague v. Lane,* 489 U.S. 288, 305–10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); and 2) whether the retroactive application of *Apprendi* would affect the appellant's sentence. Moore moves the court for the appointment of counsel.

The Supreme Court's holding in *Apprendi* is not retroactively applicable to Moore's case. While this case was pending, a panel of this court determined that the rule of *Apprendi* is not retroactively

applicable to an initial § 2255 motion like Moore's. *Goode v. United States,* 305 F.3d 378, 385 (6th Cir.2002).

Accordingly, the motion for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.