**Robert G. LONG, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–3008.

United States Court of Appeals, Sixth Circuit.

Jan. 29, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*ORDER*

Robert Long, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Long was convicted following a joint trial with three co-defendants on twenty-six charges arising out of a long-running multi-state conspiracy to distribute cocaine and launder the proceeds. Long was convicted of conspiracy to distribute and to possess with intent to distribute cocaine, 21 U.S.C. § 846: eight counts of possession with intent to distribute cocaine and two counts of distribution of cocaine in differing amounts, 21 U.S.C. § 841 and 18 U.S.C. § 2; use of a communication facility to facilitate the distribution of cocaine, 21 U.S.C. § 843(b) and 18 U.S.C. § 2; conspiracy to commit money laundering, 18 U.S.C. § 1956(h); twelve counts of money laundering. 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2; and operating a continuing criminal enterprise (CCE), 21 U.S.C. § 848. Long was sentenced to 360 months of imprisonment on the drug charges, including the CCE charge; 240 months on the money laundering charges; and 48 months on the charge of using a communication facility, with the sentences on all counts to run concurrently. This court affirmed Long's conviction and sentence on appeal. *United States v. Long,* 190 F.3d 471 (6th Cir.1999).

In his motion to vacate sentence, Long claimed that: 1) the district court erred in

its instructions to the jury on the elements of the offense; 2) the indictment was defective; 3) the district court lacked jurisdiction to enhance his sentence without presenting the additional factors to the jury for consideration; and 4) he did not receive the effective assistance of counsel. The magistrate judge recommended that Long's motion be denied. The district court adopted the magistrate judge's report and recommendation over Long's objections. The district court found no grounds upon which to issue a certificate of appealability.

This court partially granted Long a certificate of appealability on the issues of: 1) whether *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is retroactively applicable to Long's case under *Teague v. Lane* 489 U.S. 288, 305–10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); and 2) whether the retroactive application of *Apprendi* would affect the appellant's sentence. The court denied Long's application for a certificate of appealabiltiy with respect to his first, second, and fourth claims.

The Supreme Court's holding in *Apprendi* is not retroactively applicable to Long's case. While this case was pending, a panel of this court determined that the rule of *Apprendi* is not retroactively applicable to an initial § 2255 motion like Long's. *Goode v. United States,* 305 F.3d 378, 385 (6th Cir.2002).

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.