**Rudolph ALFORD, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 02–3021.**

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before RYAN, BATCHELDER, and

LAY,* Circuit Judges.

## ORDER

Rudolph Alford, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Alford applies for a certificate of appealability, *see* Fed. R.App. P. 22(b), and moves the court for leave to proceed in forma pauperis on appeal.

A federal jury found Alford guilty under a two count indictment for possession with intent to distribute approximately 48 grams of crack cocaine and 13 grams of powder cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Alford to 262 months of imprisonment and four years of supervised release. On direct appeal Alford raised numerous assignments of error, including prosecutorial misconduct, the improper admission of other acts evidence under Fed.R.Evid. 404(b), and the district court's failure to grant a mistrial based on improper testimony. A panel of this court concluded that none of Alford's assignments of error had any merit. Accordingly, this court affirmed the district court's judgment. *United States v. Alford,* No. 97–3977, 1999 WL 397946 (6th Cir. June 3, 1999).

In his motion to vacate sentence, Alford claimed that: 1) the district court incorrectly instructed the jury; 2) he was denied due process of law in disregard of the procedural safeguards of the Fifth and Sixth Amendments; 3) the jury was incorrectly informed that the drug quantity and drug type were for the court to decide; 4) the government failed to file a 21 U.S.C. § 851 enhancement notice; 5) counsel rendered ineffective assistance by not communicating a plea offer; 6) counsel rendered

ineffective assistance by denying him his right to testify at the suppression hearing and trial; and 7) counsel rendered ineffective assistance because counsel failed to litigate his Fourth Amendment claim on direct appeal. The district court denied Alford's motion and found no grounds upon which to grant Alford a certificate of appealability.

This court denied Alford's application for a certificate of appealability with respect to Alford's third, fourth, fifth, sixth, and seventh claims, but granted Alford leave to proceed in forma pauperis and a certificate of appealbility on the issues of: 1) whether the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is retroactively applicable to Alford's case under *Teague v. Lane,* 489 U.S. 288, 305–10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); and 2) whether the retroactive application of *Apprendi* would affect Alford's sentence.

Upon review, we conclude that the Supreme Court's holding in *Apprendi* is not retroactively applicable to Alford's case. While this case was pending, a panel of this court determined that the rule of *Apprendi* is not retroactively applicable to an initial § 2255 motion like Alford's. *Goode v. United States,* 305 F.3d 378, 385 (6th Cir.2002).

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.