**Carmina Pando PEREZ, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–5945.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

### ORDER

Carmina Pando Perez, a pro se federal prisoner, appeals a district court judgment denying her motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury convicted Perez of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Perez to seventy-one months of imprisonment. This court affirmed Perez's judgment of conviction and sentence. *United States v. Perez.* No. 98–5196, 1999 WL 196501 (6th Cir. Mar.26, 1999) (Merritt, Kennedy, and *Gilman,* JJ.).

In her motion to vacate sentence, Perez claimed that: 1) the evidence against her was obtained in violation of the Fourth Amendment; 2) insufficient evidence supports the jury's verdict; 3) the district court erred in calculating the amount of marijuana attributable to her; and 4) counsel rendered ineffective assistance at trial, at sentencing, and on appeal. In a comprehensive thirty page memorandum opinion, the district court thoroughly examined each of Perez's claims and supporting allegations and denied her motion to vacate sentence as being without merit. The district court also found no grounds upon which to grant Perez a certificate of appealability.

This court granted Perez a partial certificate of appealability with respect to the following issue: whether there was no mention of drug quantity in the indictment and the jury made no findings regarding quantity, and whether the district court assessed facts that increased the prescribed range of penalties to which Perez was exposed in violation of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The case was held in abeyance while the court considered whether the rule announced in *Apprendi* was retroactively applicable to initial motions to vacate sentence.

While this case was being held in abeyance, a panel of this court determined that the rule of *Apprendi* is not retroactively applicable to an initial § 2255 motion like Perez's. *Goode v. United States,* 305 F.3d 378, 385 (6th Cir.2002).

Accordingly, this case is hereby returned to the active docket, and the district court's judgment is affirmed pursuant

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

to Rule 34(j)(2)(C). Rules of the Sixth Circuit.