James A. ATMAN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 01–6415.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## ORDER

James A. Atman, represented by counsel, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Atman of conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), aiding and abetting the possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2, and laundering money in violation of 18 U.S.C. §§ 1956(a)(1)(A)(1) and (2). He was sentenced to a total of 240 months of imprisonment. A panel of this court affirmed Atman's convictions and sentence on appeal. *United States v. Atman*, No. 96–6648, 1998 WL 211767 (6th Cir. Apr.22, 1998).

Thereafter, Atman filed his § 2255 motion and a supplemental motion, arguing that: 1) his indictment was improper; 2) his trial and appellate counsel rendered ineffective assistance; 3) the trial court denied his Sixth Amendment right to counsel; 4) the trial court improperly conducted his trial; 5) the prosecutor engaged in misconduct; 6) Knox County blocked his motion for a new trial when it interfered with his mail; and 7) his sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon review, the district court concluded that Atman had procedurally defaulted several of his claims, and that his remaining claims lacked merit. Hence, it denied the motion. Atman's notice of appeal was construed as an application for a certificate of appealability under Fed. R.App. P. 22(b)(2). This court granted the application with respect to Atman's *Apprendi* claim, but denied the application as to the remaining claims. The court also appointed counsel to represent Atman on appeal.

On appeal, Atman's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that Atman is not entitled to relief on his *Apprendi* claim. In his response to counsel's motion. Atman argues that his Sixth Amendment right to counsel was violated, and that *Apprendi* is retroactively applicable to his case. Atman has also filed a motion for the appointment of new counsel. The appellee has filed a motion to dismiss the appeal.

Upon review, we conclude that Atman is not entitled to relief on his *Apprendi* claim. This court has now issued a published decision that joins the majority of other circuits in holding that the Supreme Court's holding in *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode v. United States*, 305 F.3d 378, 382 (6th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). The panel in *Goode* has already denied a motion to reconsider its decision, and the time has now elapsed for filing a certiorari petition in that case. *See* Rule 13(1), (3), Rules of the Supreme Court. Thus, it is now clear that the published decision in *Goode* is binding on other panels of this court. *See United States v. Roper*, 266 F.3d 526, 530 (6th Cir.2001); *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir.1996). Consequently, Atman's claim is unavailing because the holding in *Apprendi* is simply not retroactively applicable to the post-conviction action that he filed under 28 U.S.C. § 2255.

We decline to address Atman's Sixth Amendment claim because this court did not grant a certificate of appealability as to

**50**

this claim. *See Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir.), *cert. denied*, 534 U.S. 905, 122 S.Ct. 237, 151 L.Ed.2d 171 (2001).

Accordingly, we deny the appellee's motion to dismiss as moot, grant counsel's motion to withdraw, deny the appointment of new counsel, and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.