**William R. MOORE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5750.

United States Court of Appeals, Sixth Circuit.

March 14, 2003.

948

Before MOORE and CLAY, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, William R. Moore pleaded guilty to possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), conditioned on the right to appeal the district court's judgment denying his motion to suppress evidence. The district court sentenced Moore to the mandatory minimum term of 120 months of imprisonment. On appeal, this court determined that the motion to suppress was properly denied and affirmed on the basis of the district court opinion. *United States v. Moore*, 8 Fed.Appx. 354 (6th Cir.2001).

Moore filed a motion to vacate sentence under 28 U.S.C. § 2255, alleging that: 1) his trial counsel rendered ineffective assistance; 2) he did not enter his guilty plea knowingly and voluntarily; 3) the district court lacked jurisdiction over his case; and 4) his sentence was imposed in violation of

*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court adopted the magistrate judge's report and recommendation over Moore's objections, concluded that Moore's claims were without merit, and denied the motion. Nevertheless, the district court did issue a certificate of appealability as to the following issues: 1) whether Moore knowingly and voluntarily entered his guilty plea; and 2) whether Moore's *Apprendi* claim is cognizable under § 2255. This court declined to grant Moore a certificate of appealability with respect to any issues not certified by the district court.

On appeal, Moore reasserts the claims certified by the district court.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

■ Moore's *Apprendi* claim is meritless. The Supreme Court's holding in *Apprendi* is not retroactively applicable to Moore's case. While this case was pending, a panel of this court determined that the rule of *Apprendi* is not retroactively applicable to an initial § 2255 motion like Moore's. *Goode v. United States*, 305 F.3d 378, 385 (6th Cir.), *cert. denied*, — U.S. ——, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002).

■ Moore's guilty plea claim is also meritless. He claims that the district court could not have ascertained the knowing and voluntary nature of his guilty plea because the court erroneously believed

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

that the parties had entered into a written plea agreement. A plea of guilty is valid if it is entered voluntarily and intelligently, *Bousley v. United States,* 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences of a guilty plea so that the plea represents a voluntary and intelligent choice among alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Riggins v. McMackin,* 935 F.2d 790, 795 (6th Cir. 1991).

The record belies the basis for Moore's guilty plea claim. The district court clearly understood that there was no written plea agreement. Moreover, the district court clearly ascertained the knowing and voluntary nature of Moore's guilty plea. Before accepting Moore's guilty plea, the district court told Moore that such a plea was accompanied by a loss of certain civil rights. Moore told the court that he understood that loss. The district court informed Moore of the minimum and maximum penalties he was facing. Moore told the court that he understood the minimum and maximum penalties. Moore also told the court that he understood that by pleading guilty he waived his right to a jury trial, waived the right to the assistance of counsel, waived the right to the presumption of innocence, waived the right to confront his accusers, cross-examine witnesses and subpoena witnesses at government expense, and waived the right to remain silent and have the government bear the burden of proving him guilty beyond a reasonable doubt. After asserting that he understood the rights that he was waiving, Moore admitted the factual basis for the charge of possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Thus, the record very clearly reflects Moore's full understanding of the direct consequences of his guilty plea so that the plea represents his voluntary and intelligent choice among alternatives. *See Alford,* 400 U.S. at 31, 91 S.Ct. 160; *Riggins,* 935 F.2d at 795.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.