Neville KING, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

Nos. 02–1557, 02–1624.

United States Court of Appeals, Sixth Circuit.

March 27, 2003.

**794**

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.

### ORDER

Neville King, proceeding pro se, appeals a district court order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 (Case No. 02–1557), as well as an order denying his motion to vacate the order denying his § 2255 motion. (Case No. 02–1624). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, a jury convicted King for conspiring to distribute cocaine and distributing cocaine, in violation of 21 U.S.C. §§ 841 and 846. A panel of this court affirmed King's convictions, but remanded the case for re-sentencing. *United States v. Medina,* 992 F.2d 573 (6th Cir.1993). On September 26, 1995, King was resentenced to a total of 235 months of imprisonment.

On May 16, 2000, King filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the federal district court in California. On December 13, 2000, the district court dismissed the petition as improper. The court suggested that King file a § 2255 motion and directed the clerk to send King the proper forms.

Thereafter, on June 22, 2001, King presented prison officials with his § 2255 motion, arguing that: 1) his sentence is illegal under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and 2) he is actually innocent because the prosecutor redacted the indictment to include King's name after it had been signed by the grand jury. The motion was filed on June 28, 2001. Upon review, the district court concluded that King's § 2255 motion was untimely, and that he was not entitled to equitable tolling. Hence, the court denied the motion.

Subsequently, King filed a motion to vacate the order denying the § 2255 motion, essentially arguing that he was entitled to equitable tolling because the government could not establish any prejudice as a result of the delay in filing his § 2255 motion. The district court denied the motion, but it granted King a certificate of appealability as to the following issue: "whether the AEDPA's one year statute of limitations is subject to equitable tolling in petitioner's case, due to a lack of demonstrated prejudice by respondent."

On appeal, King essentially reasserts his claims. He also argues that his § 2255 motion is timely because: a) he deposited the motion with prison officials on June 22, 2001, prior to the expiration of one-year from the Supreme Court's decision in *Apprendi;* and b) his § 2241 motion should have been transferred to the proper court, pursuant to 28 U.S.C. § 1631. He also argues that, even if the § 2255 motion was untimely, he is entitled to equitable tolling because he diligently pursued his rights and because the government could not establish any prejudice as a result of the delay in filing his § 2255 motion.

Upon review, we conclude that the district court properly dismissed King's original § 2255 motion as untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year statute of limitations period during which a § 2255 motion to vacate sentence must be filed. *See* 28 U.S.C. § 2244(d)(1); *see also Dunlap v. United States,* 250 F.3d 1001, 1004–05 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). The statute of limitations begins to run from the latest of four circumstances, one of which is the date on which the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Here. King does not dispute that his conviction became final on October 6, 1996. However, he did not file his § 2255 motion until June 28, 2001. beyond the one-year time period permitted for filing such a motion.

■ Contrary to King's argument, the one-year statute of limitations was not renewed merely because he asserted a ground for relief based upon the ruling in *Apprendi.* This court has now issued a published decision that joins the majority of other circuits in holding that the Supreme Court's holding in *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode v. United States,* 305 F.3d 378, 382 (6th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). Furthermore, because the statute of limitations was not renewed, King's § 2255 motion was not rendered timely merely because he presented it to prison officials on June 22, 2001. Likewise, the filing of his § 2241 petition, on May 16, 2000, did not render his § 2255 motion timely because the statute of limitations began to run from the date that his conviction became final.

The district court also properly concluded that King was not entitled to equitable tolling. *See E.E.O.C. v. Kentucky State Police Dep't,* 80 F.3d 1086, 1094 (6th Cir. 1996). When determining whether equitable tolling is appropriate, the court must consider: 1) the petitioner's lack of notice or constructive notice of the filing requirement; 2) the petitioner's diligence in pursuing his rights; 3) the absence of prejudice to the respondent; and 4) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Andrews v. Orr,* 851 F.2d 146, 150 (6th Cir.1988).

■ King concedes that he cannot establish the first, second or fourth prongs set forth in *Dunlap.* King did not establish that he diligently pursued his rights because King did not establish the existence of any circumstances beyond his control that prevented him from filing a timely § 2255 motion. *See, e.g., Graham–Humphreys v. Memphis Brooks Museum of Art,* 209 F.3d 552, 560–61 (6th Cir.2000). Finally, King is not entitled to equitable tolling merely because the government could not establish that it had suffered any prejudice as a result of the delay in filing his § 2255 motion. This court has held that the absence of prejudice to the respondent may only be considered if other factors of the test are met. *Andrews,* 851 F.2d at 151.

Finally, we note that the district court should have transferred King's motion to vacate the underlying judgment to this court for purposes of determining whether King was entitled to file a second or successive habeas corpus petition in the district court. *See In re Sims,* 111 F.3d 45, 47 (6th Cir.1997). Instead, the district court denied the motion. Nonetheless, for the reasons stated above, and because King is essentially attempting to appeal the denial of § 2255 relief, we conclude that the most expedient course would be

for this court to affirm the district court's judgment denying the motion.

Accordingly, we affirm the district court's judgments. Rule 34(j)(2)(C), Rules of the Sixth Circuit.