**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lee AUGARTEN, Defendant–Appellant.**

No. 03–3352.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2003.

Michael J. Burns, Asst. U.S. Attorney, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellee.Lee Augarten, pro se, Federal Correctional Institute, Ashland, KY, for Defendant–Appellant.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

### ORDER

Lee Augarten, proceeding pro se, appeals a district court judgment denying his motion to reduce his sentence filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, Augarten pleaded guilty to conspiring to possess with intent to distribute

marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and laundering money in violation of 18 U.S.C. § 1956. The district court sentenced him to a total of 240 months of imprisonment. On appeal, this court affirmed his convictions and sentence. *United States v. Augarten,* Nos. 93–3483, 1994 WL 118119 (6th Cir. Apr.4, 1994).

Thereafter, the district court denied Augarten's 28 U.S.C. § 2255 motion to vacate his sentence. This court denied Augarten's application for a certificate of appealability and his motion for reconsideration. Subsequently, Augarten filed a "Motion to Enforce Plea Agreement," which the district court construed as a second or successive § 2255 motion and transferred to this court. This court dismissed Augarten's request to treat the motion as a second or successive motion for want of prosecution. *In re Lee Augarten,* Case No. 02–4413 (6th Cir. Feb. 10, 2003).

In December 2002, Augarten filed his current § 3582 motion, essentially arguing that he is entitled to re-sentencing based on Amendment 591 of the United States Sentencing Guidelines because his sentence was determined based on an offense for which he was not convicted. He also argued that his sentence should have been determined under USSG § 2X1.1 because he was convicted of a conspiracy offense, and that the amount of drugs had to be proven beyond a reasonable doubt. Augarten cited to *United States v. Strayhorn,* 250 F.3d 462 (6th Cir.2001) in support of this argument. Upon review, the district court denied the motion as without merit.

Augarten has filed a timely appeal essentially reasserting his claim.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michi-

gan, sitting by designation.

█ Upon review, we conclude that the district court properly denied Augarten's § 3582 motion. This court reviews a district court's denial of a motion filed under § 3582 for an abuse of discretion. *See United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made, *see Harrison v. Metropolitan Gov't,* 80 F.3d 1107, 1112–13 (6th Cir.1996), and a court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

Augarten was not entitled to have his sentence modified. Amendment 591, which became effective on November 1, 2001, is given retroactive effect under USSG § 1B1.10, and thus a defendant may seek relief under 18 U.S.C. § 3582(c)(2) pursuant to that amendment. However, Amendment 591 does not have any impact on Augarten's sentence. Amendment 591 provides that the enhanced penalties of USSG § 2D1.2 do not apply where, although the defendant engaged in conduct described in § 2D1.2, the defendant was not in fact convicted of an offense referenced to § 2D1.2. (Section 2D1.2(a)(1) provides for a two-level enhancement when a drug offense involves "a protected location or an underage individual or pregnant individual."). Amendment 591 also clarifies that a sentencing court should apply the guideline listed in the Statutory Index, USSG Appendix A, as being appropriate for the offense of conviction, not a guideline which might be applicable to other relevant conduct that was not the subject of the offense of conviction.

█ In this case, Amendment 591 was inapplicable because Augarten's guideline sentencing range was not, in fact, calculated with reference to § 2D1.2. Augarten was convicted of conspiring to distribute or possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Conspiracy to possess with the intent to distribute a controlled substance is specifically covered under USSG § 2D1.1. Therefore, Amendment 591's changes to § 2D1.2 do not impact Augarten's sentence. Moreover, because Augarten's offense is covered by a specific offense guideline, his reliance on USSG § 2X1.1 for a sentencing modification is misplaced, because that section only applies when the offense of conspiracy is not covered by a specific offense guideline. *See* USSG § 2X1.1(c). Finally, Augarten's reference to *Strayhorn,* a case that was overruled in *United States v. Leachman,* 309 F.3d 377 (6th Cir.2002), *cert. denied,* ―― U.S. ――, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003), constitutes an attempt to present an *Apprendi* challenge (after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)) to the legality of the entire sentence. However, *Apprendi* is not retroactively applicable. *See, e.g., Goode v. United States,* 305 F.3d 378, 382–85 (6th Cir.), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). Moreover, Augarten's *Apprendi*-type argument does not reflect the possibility of lowering his guideline sentencing range and is not, therefore, properly brought in the guise of a § 3582 motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.