**Ronald BILDERBECK, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–1859.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Ronald Bilderbeck, pro se, Lexington, KY, for Petitioner–Appellant.

Michael R. Carithers, Jr., Karen M. Gibbs, Detroit, MI, for Respondent–Appellee.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

*ORDER*

Ronald K. Bilderbeck appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. Fed. P. 34(a).

In 1996, Bilderbeck was convicted of attempting to distribute and to possess cocaine for intended distribution. *See* 21 U.S.C. § 846. On June 20, 1997, he was sentenced to 240 months of imprisonment and ten years of supervised release. That sentence was affirmed on direct appeal. *United States v. Bilderbeck*, 163 F.3d 971, 979 (6th Cir.1999).

In 2000, Bilderbeck filed a motion to vacate his sentence under § 2255, primari-

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

ly alleging: 1) that he had been denied the effective assistance of counsel; 2) that he had been improperly sentenced; 3) that he had been subjected to prosecutorial misconduct; and 4) that his sentence had violated the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court adopted a magistrate judge's recommendation, and dismissed the case on February 26, 2001. Bilderbeck's motion for reconsideration was denied on May 31, 2001, and he now appeals, moving for the appointment of counsel on appeal.

The district court has issued a certificate of appealability ("COA") regarding Bilderbeck's *Apprendi* claim. Our court subsequently refused to issue a COA with regard to any of his other claims. Hence, appellate review is limited to the single issue that was certified by the district court. *See Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000).

The appellee has filed several miscellaneous motions, including a motion to vacate the district court's COA order. However, the appellee has cited no convincing authority in support of these motions. Moreover, the appellee's motion to vacate is wholly dependent on a challenge to the merits of Bilderbeck's appeal. Thus, it is tantamount to a motion to affirm, and the filing of such a motion is expressly prohibited by Rule 27(e)(3), Rules of the Sixth Circuit. *See, e.g., Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987).

We review the denial of a § 2255 motion *de novo*, while examining the district court's factual findings for clear error. *Seymour*, 224 F.3d at 549.

 In his sole remaining claim, Bilderbeck alleged that *Apprendi* was violated because his minimum statutory sentence was based on the sentencing judge's independent determination of the amount of drugs that were attributable to him.

The district court properly found that the holding in *Apprendi* was not retroactively applicable. Bilderbeck now argues that *Apprendi* established a watershed rule that should be applied retroactively under *Teague v. Lane*, 489 U.S. 288, 310–13, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). This argument fails because it is now clear that *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode v. United States*, 305 F.3d 378, 382–85 (6th Cir.), *cert. denied*, 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). Nevertheless, we note that Bilderbeck's claim is also lacking in merit because the holding in *Apprendi* applies only to factors that increase the statutory maximum for an offense. *See United States v. Wade*, 318 F.3d 698, 705 (6th Cir.2003).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.