NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0077n.06
Filed: February 1, 2005

No. 03-1540

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DEMETRIUS CROWE | ) | |
| | ) | |
| Petitioner-Appellant | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent-Appellee | ) | |

_____

Before: DAUGHTREY, and SUTTON, Circuit Judges; FORESTER, District Judge.[*]

**KARL S. FORESTER, Chief District Judge.** Defendant, Appellant Demetrius Crowe

("Crowe") was convicted following a bench trial, for selling drugs to an undercover agent of the

Drug Enforcement Administration (DEA), and for carrying a firearm during the transaction. On

appeal, Crowe contends that he was denied the effective assistance of counsel guaranteed him

under the Sixth Amendment by trial counsel who unreasonably made no meaningful challenge to

the evidence and seriously misled his client on the consequences of conviction. Because we find

no error regarding the district court's factual findings or conclusions of law, we **AFFIRM**

Crowe's conviction and sentence.

_____

[*]The Honorable Karl S. Forester, Chief Judge of the United States District Court for the
Eastern District of Kentucky, sitting by designation.

## BACKGROUND

The present case arises from an incident on July 8, 1998, in which Crowe sold approximately one ounce of heroin to an undercover DEA Agent. During this transaction, the DEA Agent observed a firearm in the waistband of the pants Crowe was wearing.

On the day of the incident, the DEA Agent drove the informant used in this undercover transaction to the prearranged location in Dearborn, Michigan. The informant approached Crowe's vehicle, and the two went into a store before returning to the DEA Agent's vehicle. At that point, the DEA Agent and Crowe discussed whether payment would occur before seeing the drugs, the Agent called his "money man," the "money man" arrived, and he gave the DEA Agent the money. While in the DEA Agent's car, Crowe lifted his sweatshirt to reach into his pocket to retrieve the ounce of heroin. As Crowe lifted his sweatshirt, the DEA Agent noticed the butt end of a handgun tucked inside the waistband of Crowe's pants.

Subsequently, Crowe gave the DEA Agent the heroin in exchange for $5,000 in cash. Crowe then counted the money and paid the informant. Crowe exited the DEA Agent's vehicle and leaned into the car window to tell the DEA Agent about other drugs he had for sale.

On February 23, 1999, the house where Crowe lived with his girlfriend was searched. Crowe was arrested as he left the house, and when asked, told the authorities that he had a gun upstairs near his bed. Two agents approached the house and asked Crowe's girlfriend if they could search the house. She signed a consent to search form and the agents found a weapon matching the description of the weapon carried by Crowe on July 8, 1998.

Crowe was indicted for violations of 21 U.S.C. §841(a)(1) and 18 U.S.C. §924(c), for

distribution of heroin and possession of a firearm in the commission of a drug offense. He

waived his right to a trial by jury. On March 13, 2000, following a bench trial, the district court

found Crowe guilty of selling drugs to an undercover agent of the DEA and carrying a firearm

during the transaction. Crowe was sentenced to twenty-seven (27) months incarceration on the

drug charge and sixty (60) months on the weapons charge, to be served consecutively.

A timely appeal was filed and Crowe's conviction was affirmed on appeal. The Court

found that Crowe's claim of ineffective assistance of counsel was not ripe for review and there

was sufficient evidence to support his conviction. Crowe subsequently filed a motion to vacate

his sentence pursuant to 28 U.S.C. §2255, arguing ineffective assistance of trial counsel. The

district court accepted the Magistrate Judge's recommendation that the court deny Crowe's

motion to vacate. Crowe then filed a timely notice of appeal requesting that his conviction be

vacated or in the alternative, that his §2255 petition be remanded for an evidentiary hearing. We

granted a certificate of appealability as to whether trial counsel rendered ineffective assistance.

**ANALYSIS**

In order to obtain relief under 28 U.S.C. §2255, Crowe must establish any one of the

following: (1) his sentence was imposed in violation of the Constitution or federal law; (2) the

Court lacked jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum

allowed by law; or (4) his sentence is otherwise subject to collateral attack. *Rugiero v. United

States,* 330 F.Supp.2d 900, 904 (E.D.Mich. 2004). "In reviewing a district court's denial of a

motion under §2255, we apply a clearly erroneous standard to its factual findings and review its

conclusions of law *de novo*." *Goode v. United States,*305 F.3d 378, 382 (6th Cir. 2002)(citing

3

*Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999)(citations omitted)).

"To establish ineffective assistance of counsel, a defendant must show that: (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir.2003)(citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). This two-part test requires that the defendant, Crowe, first show that counsel's representation "fell below an objective standard of reasonableness" and second, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "This standard is highly deferential, and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* Crowe must prove that his counsel's performance "fell short of the norms of the legal profession." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992). This failure to perform at the normal level of the legal profession must be so "manifestly ineffective that defeat was snatched from the hands of probable victory." *Id.* Crowe has not met his burden regarding the effectiveness of his counsel.

Furthermore, Crowe did not raise the evidentiary issues presented during oral arguments at the proper time. Having raised a claim for an evidentiary hearing for the first time on appeal, Crowe has waived such a claim. We will not review issues raised for the first time on appeal. *United States v. Ninety-Three (93) Firearms, & Assorted Firearm Parts & Ammunition,* 330 F.3d 414, 424 (6th Cir. 2003). Motions to suppress evidence must be made prior to trial, and any failure to bring such a pretrial motion constitutes a waiver of the issue. *See,* Fed.R.Crim.P. 12(f). Finally, we find no error regarding the factual findings or conclusions of law of the district court.

**CONCLUSION**

4

For the foregoing reasons, we **AFFIRM** the district court's judgment.