Edward **MALISZEWSKI,** Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

No. 01–1116.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

### ORDER

Edward Maliszewski appeals a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Maliszewski was convicted of conspiring to manufacture, distribute, and possess marijuana for intended distribution, a violation of 21 U.S.C. § 846. He was sentenced to 110 months of imprisonment, and this sentence was affirmed on direct appeal.

In 1999, Maliszewski filed a § 2255 motion alleging: 1) that the jury selection plan was improper; 2) that he was denied the effective assistance of counsel; 3) that he was subjected to prosecutorial misconduct;

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

4) that he could not pay his fine; and 5) that the court had miscalculated the amount of marijuana that was attributed to him. His last claim arguably involves the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The district court dismissed Maliszewski's case on July 12, 2000, and it is from this judgment that he now appeals.

Maliszewski was granted a certificate of appealability on the following issues: 1) whether the holding in *Apprendi* is retroactively applicable in initial collateral proceedings; and 2) whether the retroactive application of *Apprendi* would affect his sentence. He has moved for the appointment of an independent party to file an amicus brief on these issues.

We need not reach the second issue, as our court has now issued a published decision which holds that *Apprendi* is not retroactively applicable to cases on initial collateral review. *See Goode v. United States*, 305 F.3d 378, 382 (6th Cir.2002). The published decision in *Goode* is binding here. *See United States v. Roper*, 266 F.3d 526, 530 (6th Cir.2001). Hence, Maliszewski's claims are unavailing because the holding in *Apprendi* is simply not applicable to his case.

Accordingly, all pending motions are denied and the district court's judgment is affirmed.