**Enrique MONTANO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–2021.

United States Court of Appeals, Sixth Circuit.

Dec. 18, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District Judge.*

*ORDER*

Enrique Montano appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Montano pleaded guilty to conspiring to possess marijuana for intended distribution, a violation of 21 U.S.C. § 846. On September 30, 1999, he was sentenced to seventy-one months of imprisonment and four years of supervised release.

In his amended § 2255 motion, Montano alleged a violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The district court rejected this claim and closed the case on May 11, 2001. Montano's motion for reconsideration was denied, and he now appeals.

Montano was granted a certificate of appealability on the following limited issues: 1) whether a procedural default analysis applies to his *Apprendi* claim, in light of the fact that *Apprendi* was decided nine months after he was sentenced; and 2) whether the holding in *Apprendi* is retroactively applicable to his initial § 2255 proceeding. We need not reach the first issue, as our court has now issued a published decision which holds that *Apprendi* is not retroactively applicable to cases on initial collateral review. *See Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002). The published decision in *Goode* is binding here. *See United States v. Roper*, 266 F.3d 526, 530 (6th Cir.2001). Consequently, Montano's claims are unavailing because the holding in *Apprendi* is simply not applicable to his case.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.