**Antonio EVANS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 01–1736.**

United States Court of Appeals, Sixth Circuit.

Feb. 18, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS, District Judge.*

## OPINION

PER CURIAM.

Antonio Evans appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He was convicted of (1) conspiracy to possess cocaine with intent to distribute and of distributing five or more kilograms of cocaine, all in violation of 21 U.S.C. § 846, and (2) possession with intent to distribute five or more kilograms of cocaine, in viola-

of Ohio, sitting by designation.

tion of 21 U.S.C. § 841(a). Evans was sentenced to concurrent terms of 30 years on each of the counts. His conviction and sentence were affirmed by this court on appeal. Evans then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The sole issue raised on appeal is whether the rule of criminal procedure set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is retroactively applicable to initial motions under 28 U.S.C. § 2255.

Subsequent to Evans's Notice of Appeal, this court held in *Goode v. United States*, 305 F.3d 378 (6th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002), that *Apprendi* is not retroactively applicable to initial motions under 28 U.S.C. § 2255. *See also Maliszewski v. United States*, 53 Fed.Appx. 337 (6th Cir. 2002); *Montano v. United States*, 53 Fed. Appx. 347 (6th Cir.2002). Upon being served with an order to show cause why the district court's judgment should not be affirmed on the basis of *Goode*, Evans responded by acknowledging that *Goode* is a published decision of this court holding that *Apprendi* is not retroactively applicable on initial collateral review, but that *Goode* was wrongly decided. The published decision in *Goode*, however, is binding upon us. *United States v. Roper*, 266 F.3d 526, 530 (6th Cir.2001) ("[A] prior published opinion of this court is binding unless either an intervening decision of the United States Supreme Court requires modification of the prior opinion or it is overruled by this court sitting en banc.").

We therefore AFFIRM the judgment of the district court.