**Malcolm Earl THOMAS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–1058.

United States Court of Appeals, Sixth Circuit.

July 8, 2003.

Before DAUGHTREY and ROGERS, Circuit Judges; and QUIST, District Judge.*

PER CURIAM.

Malcolm Earl Thomas ("Thomas") appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. A jury found Thomas guilty on a single count of distributing an unspecified amount of crack cocaine pursuant to 21 U.S.C. § 841. Using a "preponderance of the evidence" standard to determine the drug quantity for which Thomas was accountable, the district court enhanced Thomas' sentence, under the terms of 21 U.S.C. §§ 841(b)(1)(C) and 851, to 264 months (22 years). We affirmed (Thomas did not raise sentencing issues), and the Supreme Court denied certiorari on May 14, 1996. Within one year of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which mandated that drug quantity be proven to a jury "beyond a reasonable doubt" for sentencing enhancements, Thomas filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion, and Thomas moved for issuance of a certificate of appealability. The district court certified two issues for appeal:

(1) Does 15[sic] U.S.C. § 2255 ¶ 6(3) renew the one-year period of limitations for bringing a § 2255 motion when the right asserted is made retroactively applicable by a lower court but not by the Supreme Court?

(2) Does the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), apply retroactively to cases pending on collateral review?

Subsequent to Thomas' Notice of Appeal, this Court held in *Goode v. United States,* 305 F.3d 378 (6th Cir.), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002), that "[t]he rule of *Apprendi* is not retroactively applicable to initial [28 U.S.C.] § 2255 motions,...." *See also Evans v. United States,* 56 Fed. Appx. 252 (6th Cir.2002); *Maliszewski v. United States,* 53 Fed. Appx. 337 (6th Cir. 2002); *Montano v. United States,* 53 Fed. Appx. 347 (6th Cir.2002). The holding in *Goode* is dispositive of both issues.

Accordingly, the district court's judgment is AFFIRMED.

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.